FOGEL *v.* BUTLER.

Opinion delivered June 13, 1910.

1. JUDGMENT—CONCLUSIVENESS.—To render a judgment in one action conclusive in a subsequent one, it must appear that the particular matter sought to be concluded was raised and determined in the prior suit. (Page 89.)

2. SAME—CONCLUSIVENESS.—A former judgment restraining the defendant from interfering with the plaintiff's contract right to cut the timber from "what is known as the second bench" on certain land, without determining what the "second bench" was, will not preclude the defendant from litigating the question as to what was meant by the words "second bench" in such contract and judgment. (Page 90.)

3. INSTRUCTIONS—REPETITION.—It was not error for the trial court to refuse to repeat instructions asked in varying form. (Page 91.)

4. TRESPASS—CUTTING TIMBER—TREBLE DAMAGES.—It was not error, in trespass for cutting timber, to charge that the defendant would be liable for three times the value of the timber if he cut it "without authority and knowingly." (Page 91.)

5. TRIAL—ARGUMENT OF COUNSEL—OBJECTION.—Alleged error in the argument of counsel will not be considered if the record merely shows that counsel for appellants excepted to the remarks, but does not show that they asked or obtained a ruling of the court in reference thereto. (Page 92.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*J. I. Alley, Hal L. Norwood* and *W. H. Rector,* for appellant.

The former adjudication was admissible in evidence, and was conclusive. 2 Black on Judg., § § 784-788; 1 Freeman on Judg., § 282. The statements made by counsel were improper and prejudicial. 87 Ark. 461; 61 Ark. 138; 58 Ark. 473; 48 Ark. 131; 70 Ark. 305; 71 Ark. 427; 74 Ark. 256; 75 Ark. 577.

*Wright Prickett* and *Elmer J. Lundy,* for appellee.

There was no former adjudication unless the cause of action was the same. 64 Ark. 301; 18 Ark. 142; 62 Ark. 76; 55 Ark. 286; 66 Ark. 336. Parol evidence to apply the description to the land in question was admissible. 28 Ark. 282; 40 Ark. 237. Specific objection should have been made to the evidence. 76 Ark. 400; 82 Ark. 555; 7 Ark. 470; *Id.* 524; 9 Ark. 389; 18 Ark. 392. A mere exception without calling for a ruling is insufficient. 74 Ark. 256; 38 Ark. 304.

HART, J. This is an appeal by J. H. and Lyman Fogel from a judgment rendered against them in the Polk Circuit Court in favor of Thomas A. Butler. The action was in trespass to recover damages for 300 oak trees, valued at $300, which Butler alleged the Fogels had wrongfully cut and removed from his lands.

J. H. Fogel had purchased a tract of land for the timber there was on it. Some time in June, 1908, he sold the land to Butler, and also made the following agreement with him in regard to removing the timber on it:

"Howard, Ark., June 23, 1908.

"This is to certify that I, Thomas A. Butler, agree to allow the J. H. Fogel Lumber Company to cut and remove all timber on the fractional west half (½) of section one (1), township one (1) south, range thirty-two (32) west, containing one hundred and twenty-eight and 93-100 acres, at any time, or any or all of said timber before April 1, 1909, and to haul over or across said land at any time or place, for said length of time, free of charge. I further agree to give said J. H. Fogel Lumber Company eighteen months to remove all timber on upper land, described and understood between J. H. Fogel and T. A. Butler, to be located on second bench, but said J. H. Fogel Lumber Company must not haul across my fenced clearings after April 1, 1909. I further agree to fence nothing but cleared land until said time has expired.

"Thomas A. Butler."

The timber was cut and removed from the land after April 1, 1909, and before the expiration of eighteen months thereafter. The dispute between the parties is as to what lands comprised the second bench within the terms of the contract.

The appellee introduced evidence to show that the land runs along a creek. The land next to the creek he calls bottom land, and that on the first elevation the first bench. On the latter his house was situated. Back next to the mountain about 150 yards is another elevation, which he says is the second bench. There are forty-five acres on it, and appellee says that it was on what he calls this second bench that appellants were to have eighteen months to remove the timber. On the other hand, appellants claim that the bench on which appellee's house was built was the second bench; and that they had eighteen months to cut. and remove the timber therefrom. The timber in controversy was cut from that bench. Each party introduced testimony to sustain his contention. Appellants also introduced in evidence a decree of the Polk Chancery Court entered at a regular term of said court, held on the 27th day of September, 1909. The appellants in this suit were the plaintiffs in that action, and the appellee was the defendant. The decree recites that the complaint in the case asked that a restraining order be issued against the defendant, enjoining him "from in any way interfering with the plaintiff in the removal of any and all timber off of what is known as the second bench, situated on west fractional half of section 1, township 1 south, range 32 west, in Polk County, Arkansas, under and by virtue of a contract entered into between plaintiff and defendant on the 23d day of June, 1908," and provides "that the defendant, Thomas A. Butler, is restrained and enjoined from in any way interfering with the plaintiff from cutting and removing the timber mentioned in said contract from the above described lands until the 23d day of December, 1909."

It is now contended by counsel for appellants that this decree is conclusive of the present suit, but we can not agree with their contention. In the case of *McCombs* v. *Wall*, 66 Ark. 336, the court held (quoting from syllabus) : "To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear, by the record or by extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit." It will be seen from the language of the decree introduced in evidence that the matter litigated in that suit was the right of appellant to cut the timber on

the second bench, and the appellee was enjoined from interfering with his right to do so until the 23d day of December, 1909, the date of expiration of eighteen months from June 23, 1908, when the contract was entered into. No extrinsic evidence was introduced to show what was meant by the words "second bench," as used in the decree, and we are left in as much doubt in that regard by the decree as we are by the terms of the contract of June 23, 1908. Hence the court did not err in submitting to the jury the question of what was meant by the parties to the contract by the use of the words "second bench" in the connection in which they appear in the contract of June 23, 1908.

Next, it is insisted by counsel for appellants that the testimony of the witnesses introduced by appellee to prove what they understood to be the second bench was clearly incompetent. It is admitted by counsel for appellants that no exceptions were saved to the introduction of this testimony, but they claim that they asked the court to exclude it from the jury in an instruction prepared on the subject, and that the court refused their request. The record shows that, after the court had instructed the jury, one of the attorneys for the appellants said to the court that he wished to ask additional instructions, and that the court granted him leave to proceed. The attorney then said: "Now, your Honor, we want you to exclude all of that testimony of those witnesses that have come in here and testified about the different benches up there because they were not present and did not know what the understanding of the parties was at the time." By the court: "Gentlemen of the jury, as you understand this land that the timber was on was sold under a written contract, the parties agreeing at the time what was to be termed the first and second bench, or the lower and upper lands, that is a question for you to decide what the understanding between the parties was at the time, and not what some one else calls the first and second bench. So you will decide now what the understanding of the parties was at the time this contract was signed as to what was termed the first bench or lower land and the second bench or upper land. I believe that is about as plain as I can give it, gentlemen."

Afterwards counsel for appellants asked the court to give the instruction the refusal of which they now urge as grounds for reversal.

It is manifest from the above that the court granted the request of appellants, and in plain terms told the jury to decide what was the first and second bench, as understood by the parties to the contract at the time it was made, and not as it was understood by the witnesses in the case. It was useless to repeat this to the jury, and the court did not err in refusing the instruction complained of. It is the settled rule of this court that it is not error to refuse to repeat instructions in varying forms. Indeed, it is not good practice to do so. *Aluminum Co. of North America* v. *Ramsey,* 89 Ark. 522.

The court, over the objection of the appellants, also gave the following instruction:

"If the jury believe from a preponderance of the evidence that the defendant did, without authority, cut any timber off of the lands of the plaintiff, you will find for the plaintiff the value of the timber so taken; and if you further find from a preponderance of the evidence that the defendants cut certain timber from the plaintiff's land without authority as above defined, and did so knowingly and unlawfully, you will allow three times the value of the timber actually taken."

Counsel for appellants say that this instruction was based upon section 7978 of Kirby's Digest, and is erroneous because it does not tell the jury in the language of the statute that if it "shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed * * * was his own," the plaintiff shall recover single damages only.

It will be observed that the instruction as given by the court told the jury that if they found that the defendant cut the timber without authority and knowingly, the jury should allow three times the value of the timber. Now, it is manifest that the court meant, and that the jury understood, that, before treble damages should be given, the jury must find not only that the defendants had no authority to cut the timber, but that they knew they had no such authority. It is apparent that if they cut the timber, knowing that they had no authority

to do so, they cut it without having probable cause to believe it to be their own. It is also apparent that the word "value" was understood to be the market value.

It is finally insisted that the judgment should be reversed because the court erred in not excluding from the jury certain remarks made by the attorney for the appellee. The record shows that counsel for appellants excepted to the remarks, but it does not show that they asked or obtained a ruling of the court in reference thereto. In the case of *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 259, the court said: "The control of argument is in the sound judicial discretion of the trial judge, and it is his duty to keep it within the record and within the legitimate scope of the privilege of counsel, and this he should do on his own initiative; if he fails to restrain counsel, then it is the right of opposing counsel to object to the argument. This should be a definite objection to the alleged improper remarks, and call for a ruling of the court thereupon, and if the court then fails to properly restrain and control the argument within its proper bounds, and to instruct the jury to disregard any improper remarks and admonish the counsel making it, then an exception should be taken to the action of the court. A mere exception to argument interposed to make a record in the appellate court, and not calling for a ruling of the trial court, is insufficient."

The judgment will be affirmed.