## OLDHAM v. STATE.

Opinion delivered May 1, 1911.

1. SEDUCTION—CHASTITY OF PROSECUTRIX—INSTRUCTION.—It was not error, in a prosecution for seduction, to refuse to charge the jury that in determining the personal chastity of the prosecuting witness they might consider "her conduct and deportment towards, about and in the presence of other men," as such instruction failed to confine the consideration of the girl's conduct and deportment to a period anterior to the alleged seduction. (Page 177.)

2. SAME—CHASTITY OF PROSECUTRIX—BURDEN OF PROOF.—An instruction in a prosecution for seduction that "if you have a reasonable doubt of the chastity of the prosecuting witness at the time of the first intercourse with defendant, you will find the defendant not guilty," was more favorable to defendant than he is entitled to, in that it ignores the fact that the burden is upon him to prove her unchastity by a preponderance of the testimony. (Page 177.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*Holland & Holland,* for appellant.

1. The court's modification of instruction 2 requested by appellant was erroneous in that it limited appellant to showing specific acts of unchastity, whereas chastity may also be impeached by proof of indecent conduct or improper familiarities with men prior to the alleged seduction. 21 Am. & Eng. Enc. of L. 1048, note 1; 78 Ia. 123; 51 S. W. 910; 48 Ga. 192.

2. There was no corroboration of the promise of marriage. The "additional testimony required to sustain a conviction of seduction under a promise of marriage must be such as does not emanate from the mouth of the seduced woman, and must be such as strengthens and corroborates her testimony." 93 Va. 815. Illicit intercourse alone does not constitute seduction. Where a woman willingly submits to the criminal desire, the fact that a promise of marriage is made as a matter of form merely is not enough of itself to constitute seduction. 33 Mich. 112. See also 85 Ga. 383. An act of intercourse induced simply by mutual desire is not seduction. 64 Mich. 693. See also on corroboration, 71 Ark. 389. There is at most here only a conditional promise of marriage. 132 S. W. 225.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

That part of instruction 2 requested by appellant which the court refused to give was ambiguous and misleading, and did not lay down the proper rule by which the jury were to be guided. Moreover, the principle of law which appellant there sought to state had already in apt terms been correctly stated by the court in its instruction 2. 40 Ark. 487.

McCULLOCH, C. J. Appellant, Alvin Oldham, was convicted of the crime of seduction, and punishment fixed at confinement in the penitentiary for the term of one year and a fine of one dollar. In the indictment he is accused of having obtained sexual intercourse with a certain girl by virtue of a false express promise of marriage, and the evidence adduced at the trial tended to establish the truth of the accusation. It was sufficient to sustain the verdict of the jury. Appellant admitted having had intercourse with the girl, but denied that it was obtained by virtue of a promise of marriage, and he also undertook to prove that the girl was previously unchaste. These questions were submitted to the jury on conflicting testimony, which was legally sufficient to sustain a finding either way. The testimony of the girl as to promise of marriage was abundantly corroborated by other testimony, both of circumstances and by appellant's admissions. Appellant requested the following instruction, which the court modified by striking out the italicized portion:

"2.   By previous chaste character, as used in these instruc-
tions, is meant actual personal chastity; and if you believe from
the evidence that Lennie Norvell at any time prior to the al-
leged seduction had had intercourse with any man she was not
of previous chaste character, *and could not be seduced; and in
arriving at this conclusion you may consider her conduct and
deportment towards, about and in the presence of other men,
her opportunity and inclination to sexual lusts, and from these
and all these, and all the evidence adduced, you are to say whether
she was at the time of the alleged seduction of previous chaste
character.   In other words, sexual intercourse may be inferred
from the circumstances, opportunities and the relation and the
conduct of the parties.*"

That part of the instruction which the court struck out
was incorrect, because it failed to confine the consideration of
the conduct and deportment of the girl to the period anterior
to the alleged seduction.   It was misleading in that form, for it
left the jury free to consider her conduct at any time, either
before or after the seduction.   Moreover, that part of the in-
struction was fairly covered by other instructions which the
court gave to the jury.   The court gave the following instruc-
tions:

"2.   In prosecutions for seduction the chastity of the prose-
cutrix is presumed, and the burden is upon the defendant if he
would impeach it, which he may do by proof of her acts of im-
morality or indecency, if any, or her general character before
the seduction, if she was seduced; likewise, the defendant is
presumed to be innocent of the charge against him, and this
presumption of innocence goes with him through the trial, and
protects him from a conviction until his guilt is established from
the evidence beyond a reasonable doubt."

"11.   The court instructs you that if you have a reasonable
doubt of the chastity of the prosecuting witness at the time of
the first intercourse with defendant, you will find the defendant
not guilty."

The last instruction was more favorable to appellant than he
was entitled to.   *Wilhite* v. *State*, 84 Ark. 67.

We discover no error in the proceedings, and the judgment
must be affirmed.   It is so ordered.