HARRELSON *v.* EUREKA SPRINGS ELECTRIC COMPANY.

## Opinion delivered December 6, 1915.

1. APPEAL AND ERROR—FAILURE TO ABSTRACT INSTRUCTIONS.—Where the instructions of the trial court are not abstracted, it will be assumed on appeal, that the issues were submitted to the jury upon correct instructions.

2. APPEAL AND ERROR—FAILURE TO SET OUT ALL INSTRUCTIONS IN ABSTRACT.—Error of the trial court in refusing to give an instruction will not be considered on appeal, where the abstract fails to set out all the instructions which the court gave; in that event the court will indulge the presumption that the refused instructions, which are found to be correct, were covered by others given.

3. APPEAL AND ERROR—FAILURE TO SET OUT ALL INSTRUCTIONS IN ABSTRACT—INHERENTLY DEFECTIVE INSTRUCTION.—When all the instructions are not set out in the abstract, the Supreme Court on appeal, will not consider assignments of error relating to giving certain instructions, unless those instructions are so inherently defective that they could not be cured by others; the presumption is that correct instructions were given curing those complained of, unless they are so inherently defective that they can not be cured.

4. NEGLIGENCE—ELECTROCUTION OF CHILD—SUFFICIENCY OF EVIDENCE.—Plaintiff's intestate, a boy of thirteen, was electrocuted when he climbed upon the roof of one of defendant's buildings, and came in contact with a live wire. *Held*, the evidence was sufficient to warrant a verdict in defendant's favor.

5. APPEAL AND ERROR—IMPROPER QUESTION—HARMLESS ERROR.—In a personal injury action, defendant's counsel was permitted to ask plaintiff whether he had made an effort to employ two other attorneys. *Held*, while the question was improper it was not prejudicial, for the reason that the witness replied that he had not tried to employ either of those attorneys.

6. APPEAL AND ERROR—MATTER CONSTITUTING ERROR—ASSIGNMENT OF ERROR—WHEN MADE.—The motion for a new trial is not the place in which to set out the matter constituting an alleged error. The motion for a new trial constitutes an assignment of error, but not the matter upon which the assignment is based. The bill of exceptions must contain a history of the trial, including matters which are assigned as error; merely reciting the matter in the motion for new trial is not sufficient.

7. NEGLIGENCE—PERSONAL INJURY ACTION—ELECTRIC COMPANY—CITY ORDINANCE.—In an action for damages when plaintiff's intestate was electrocuted while playing on the roof of a building belonging to defendant electric company, it is not error for the trial court to refuse to permit plaintiff to introduce in evidence two sections of

the ordinance granting defendant the franchise for operating an electric light system.

8.    EVIDENCE—PERSONAL INJURY ACTION—ELECTROCUTION—CUSTOM OF BOYS.—In an action for damages by plaintiff's intestate, evidence that boys were in the habit of congregating in the place where deceased was killed, can not be proved by a witness testifying that he heard the boys say they were in the habit of getting up on the roof, where the fatal accident occurred.

9.    EVIDENCE—PERSONAL INJURIES—CONDITION OF ROOF.—In a personal injury action when plaintiff's intestate, a boy of thirteen, was electrocuted while playing on the roof of one of defendant's buildings, a map or drawing of the building was competent evidence, when identified by the man who made it, who had an intimate knowledge of the building, although the map was made after the building was torn down.

Appeal from Carroll Circuit Court, Western District; *J. S. Maples,* Judge; affirmed.

*Charles D. James* and *Fred F. Harrelson,* for appellant.

1.    One can not escape liability for negligence merely because the injured party was a trespasser, where before the commission of the act the presence of the trespasser was known to him or ought to have been known by the use of ordinary care and diligence, by the use of which the injury might have been avoided. 29 Cyc. 443, 120 Ga. 521; 81 N. W. 333; Wharton on Neg., § 340; 45 Pac. 407; 75 N. W. 919; 67 N. Y. Supp. 63; 16 S. E. 4; 48 *Id.* 166; 80 N. E. 345; 42 So. 516. The care must be commensurate with the danger involved, having regard for the dangerous character of the agency employed. This rule applies to trespassers and licensees. The company had notice that boys had been seen playing on the roof. 41 Ark. Law Rep. 142.

2.    The court erred in its rulings as to the admission of testimony. Kirby's Dig., § 3135; 14 Ark. 558; 90 *Id.* 399; 39 N. W. 871; 106 Pac. 74; Greenl. on Ev., § 445; 97 Ark. 290; 72 Ark. 467; 77 *Id.* 431.

3.    Argument of appellee's counsel was improper and prejudicial. 70 Ark. 184; 71 *Id.* 433; 61 *Id.* 138; 89 *Id.* 59; 81 *Id.* 87. The franchise from the city was ad-

missible in evidence. 116 Ark. 125; 44 *Id.* 344; 108 Ark. 95, 110; 86 *Id.* 553.

4. Appellee is presumed to have knowledge of the condition of its wires and of their unsafe condition. 99 S. W. 879; 80 N. E. 345. The very highest degree of care for the safety of those who are liable to come in contact with wires is required. 100 S. W. 240; 97 *Id.* 420; 102 *Id.* 451; 89 Pac. 815; 60 Ark. 545; 70 *Id.* 331; 119 Am. St. 698. Where dangerous premises are attractive to children, the owner is liable. 65 Kan. 798;. 70 Pac. 884. Appellee had knowledge of the danger and was liable even to a trespasser. 131 Iowa, 622; 109 N. W. 177; 60 Ark. 545.

5. Testimony that boys were in the habit of playing on the roof was not hearsay. General notoriety is generally competent to charge notice. Greenl. Ev. (15 ed.), 202; 13 Am. St. 84; 82 *Id.* 108.

6. It was error to admit the plat in evidence. 17 Cyc. 412; 91 Ark. 175. Also the piece of wire. 77 Ark. 238.

7. Review the instructions, contending there was error. Beach on Cont. Neg., § 7; 29 Cyc. 509; 81 Ky. 403; 49 Am. St. Rep. 406; 114 Ark. 140; 85 Am. St. 735; Joyce on Elec. Law, § 450; 15 Cyc. 472; 61 Ark. 386; 89 *Id.* 581; 85 Am. St. 735.

*C. A. Fuller,* for appellee.

1. The case was submitted to the jury upon instructions most favorable to appellant, and the verdict is sustained by the evidence.

2. On cross-examination great latitude is allowed in civil cases. When incompetent evidence is admitted, prejudice is presumed, but here none is apparent and none could result. 77 Ark. 431; 72 *Id.* 467.

3. No improper argument was allowed.

4. No error in refusing to admit the franchise. 108 Ark. 95; 86 *Id.* 553.

5. Only ordinary care, such as would be exercised by a prudent person under the circumstances, **was re-**

quired.    99 S. W. 879; 25 *Id.* 229; 61 Ark. 381; 89 *Id.* 581; 108 S. W. 240; 97 *Id.* 420.

6. Evidence of general reputation or common notoriety among boys is not admissible Greenl. Ev. (15 ed.) Vol. 1, 202.

7. The plat was properly introduced, as was also the piece of wire.    77 Ark. 238.

8. There is no error in the instructions.    25 S. W. 246; 26 Atl. 973; 31 N. E. 128; 61 Ark. 381.

McCulloch, C. J. Plaintiff's intestate, Herbert Harrelson, a boy thirteen years of age, met his death by coming in contact with an electric wire maintained by the defendant company, and this is an action against the company to recover damages on account of alleged negligence. The defendant is a corporation engaged in furnishing electricity for commercial and domestic purposes in the city of Eureka Springs. It maintains a park in the city, and there is situated therein an auditorium which is covered by a low, flat roof. The roof on one side is in close proximity to a high bluff which overhangs the roof, and persons may conveniently climb to the roof by walking over the bluff. Electric wires come over the bluff and thence to the roof of the auditorium for the purpose of conveying electricity to illuminate the building. The wires run along three or three and a half feet above the roof and run through a transformer for the purpose of reducing the force of the current, and near the transformer is what the witnesses call a second roof of the building.

On February 9, 1914, there was a basket ball game played at the auditorium and plaintiff's intestate attended the game with the other pupils in his school, who were conducted thither by the teacher, and this boy and two or three of his companions separated themselves from the other pupils and went around on the bluff and thence climbed to the roof. They played around on the roof for a while and threw acorns down on the basket ball players below, when their presence was discovered and word was sent to them by the teacher to get down from the roof. One of the boys led the way to the second

roof, and in doing so he climbed upon the transformer and thence to the second roof. Plaintiff's intestate attempted to do likewise, and while climbing upon the transformer he took hold of the wires and was electrocuted.

It is alleged in the complaint that the defendant was negligent in several particulars; first, in allowing children to play upon the roof and failing to give warning of the danger of the exposed wires; in allowing the insulation around the wires to become rotten so that children who took hold of them while in play would receive the electric current; and also in failing to place the transformer off on a pole so that the force of the current would be reduced to the extent that children coming in contact with it would not be injured.

Defendant filed an answer denying all of the alleged acts of negligence, and a trial before a jury resulted in a verdict in defendant's favor. There was proof adduced by the plaintiff tending to show that children were sometimes allowed to play on the roof, and that there was no warning of any kind given to them or effort of any kind on the part of the company to keep them away from there. The proof also tends to show that the insulation around the wires running along the top of the building, or near the transformer, was rotten and worn off at places so that the wires were exposed. On the other hand, defendant adduced testimony tending to show that the insulation around the wires was in a good state of preservation and was not worn off at any place except that at one place near the transformer the insulation was broken off, indicating that it had been broken off by one of the boys climbing up there at the time plaintiff's intestate was killed. The proof also tends to show that children were never permitted to play there on the roof and never before this time had frequented the roof. Since the jury has found against the plaintiff upon the issues joined in the pleadings, it is unnecessary to enter into any discussion as to how far the complaint and evidence adduced in support thereof constitute a cause of action.

(1-2-3)    The instructions of the court are not abstracted, therefore we must assume that the issues were submitted to the jury upon correct instructions.    Appellant has assigned numerous errors of the court in giving and refusing instructions, and there are set out in the brief the particular instructions to which those assignments relate, but there has been no attempt to abstract all of the instructions.    Therefore, we are unable to say whether or not the court erred.    Error of the trial court in refusing to give an instruction will not be considered by this court where the abstract fails to set out all of the instructions which the court gave.    We must indulge the presumption under those circumstances that the refused instructions, which are found to be correct, were covered by others given.    *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 374; *Karatofsky* v. *Fybush,* 90 Ark. 230; *Wallace* v. *Strickler,* 95 Ark. 108; *Keller* v. *Sawyer,* 104 Ark. 375. Nor can we consider, when all of the instructions are not set out in the abstract, assignments of error relating to giving of certain instructions, unless those instructions are so inherently defective that they could not be cured by others.    The presumption is that correct instructions were given curing those complained of, unless they are so inherently defective that they can not be cured.    *Jacks* v. *Reeves,* 78 Ark. 426; *Dobbins* v. *Little Rock Ry. & Elec. Co.,* 79 Ark. 85.    We find none of the instructions of which plaintiff complains to be so defective that, even if they are considered incorrect, the defects might not have been cured by other instructions.

(4)    The principal contention is that the evidence is not sufficient to sustain the verdict, but we find that there is, upon every issue in the case, evidence legally sufficient to support the verdict in favor of the defendant.

(5)    Error is assigned in the ruling of the court permitting defendant's counsel to ask the plaintiff whether or not he had made an effort to employ two other attorneys in Eureka Springs.    The question was improper, but it was not prejudicial for the reason that the witness replied that he had not tried to employ either of those attorneys.

(6)   It is contended, also, that the court erred in permitting defendant's attorney, in his argument to the jury, to refer to the foregoing testimony and say that plaintiff had tried to employ those attorneys and that they had refused to take the case.   The record does not show that any such argument was made or that any exceptions were saved.   The only place in which this appears is in the motion for new trial, and that is not the place to set out the matter constituting an alleged error. The motion for new trial constitutes an assignment of error, but not the matter upon which the assignment is based.   The bill of exceptions must contain a history of the trial, including matters which are assigned as error. Merely reciting the matter in the motion for new trial is not sufficient.

(7)   It is next contended that the court erred in refusing to allow the plaintiff to introduce two sections of the ordinance granting to defendant the franchise for operating an electric light system.   The first section shown in the record relates entirely to the manner in which the poles shall be set, and it could not have had any bearing on the question of negligence as charged in this case. The other section merely provides that "the electric system hereby authorized shall be a good system, well built and well maintained."   The introduction of that ordinance could not have added anything to the plaintiff's right of action, for it would have been just as complete to show a defect in the system in the absence of a specific ordinance on the subject as if the defect was permitted in violation of the ordinance, if such defects constituted the proximate cause of injury to plaintiff's intestate.

(8)   Plaintiff's counsel, in the effort to prove that the boys were permitted to congregate on the roof of the auditorium with the knowledge of defendant's servants, asked a witness if he had not heard it discussed among boys that they were in the habit of getting up on the roof. This was mere hearsay and was properly excluded. Plaintiff was permitted to introduce proof tending to show that boys gathered on the roof for play, but it was not proper to establish that fact by hearsay testimony

coming from the lips even of the boys themselves. The statements of the boys amounted, after all, only to admissions that they had congregated on the roof, and under no rule of evidence are admissions of third persons competent evidence against the defendant.

(9)   Defendant introduced a witness, McBroom by name, who was one of its employees, and who had made a plat of the auditorium roof and the wires as they were situated at the time the boy was killed. The plat was also introduced, over objections of the plaintiff, and that ruling is assigned as error. The ground of the exception is that according to the statement of the witness he had made the plat after the building had been torn down and without having made actual measurements. The witness was carefully examined and cross-examined on that subject and showed an intimate knowledge of the conditions as they existed at the time plaintiff's intestate was killed. His testimony tended to show that the map was correct, and this made the map, in connection with the statements of the witness, competent testimony. The correctness of the map was a question for the jury. At any rate, there was no substantial conflict as to the condition of the roof and therefore no prejudice could have resulted.

These are all of the assignments of error which we consider of sufficient importance to mention. There is no error in the record, so far as is shown by the abstract, so the judgment is affirmed.