SHEARER v. FARMERS & MERCHANTS BANK.

Opinion delivered January 10, 1916.

1. BILLS AND NOTES—CONSIDERATION—FORBEARANCE TO BRING CRIM-
   INAL PROSECUTION.—A note signed by appellant under an agreement,
   express or implied, on the part of certain bank officials, that ap-
   pellant's son-in-law, who was a defaulter, would not be prosecuted
   by the bank officials for any felony, is without consideration, and
   void.

2. INSTRUCTIONS—SEVERAL INSTRUCTIONS ON SAME POINT.—The trial
   court is not obliged to multiply instructions on the same point.

Appeal from Woodruff Circuit Court, Northern Dis-
trict; *J. M. Jackson,* Judge; affirmed.

*Harry H. Myers,* for appellant.

1. If appellants signed the notes under a promise
or agreement on the part of the bank or its officers that
it would not prosecute Keating for embezzlement or other
felony, such notes were without valid consideration, and
void. The court, therefore, erred in refusing to give in-
struction 2, requested by appellant. 9 Cyc. 505; *Id.* 777;
67 Ark. 480; 46 Ark. 136; 35 Ark. 280; 80 Ark. 326; 98
Ark. 274-285; 1 Story on Contracts, § 569.

2. Appellee's attorney in his closing argument was
permitted to point significantly at the appellant with the
remark, "His light has fled, and his mind is weak," not-
withstanding appellant's objection thereto, and the fact
that there was nothing in the evidence placing his char-
acter in issue, nor any reference whatever in the evidence
to the condition of his mind. This was prejudicial error.
62 Ark. 126; 61 Ark. 130; 65 Ark. 619; 108 Ark. 579; 112
Ark. 453; 110 Ark. 226; 109 Ark. 32; *Id.* 130; 107 Ark.
469; 105 Ark. 608; *Id.* 534; 104 Ark. 1; *Id.* 94; 2 Enc. Pl.
& Pr. 715, 727; 91 Ala. 76; 9 Tex. Civ. App. 319, 29 S. W.
432; 38 Cyc. 1479; *Id.* 1487-8; *Id.* 1494, 1498, 1503.

*Harry M. Woods,* for appellees.

1. The bill of exceptions was not filed within the
time allowed by the trial court, the order allowing ninety
days' time for that purpose having been made on Feb-
ruary 18, and the bill of exceptions being filed on May 20,

ninety-one days thereafter. 103 Ark. 569; *Id.* 44; 103 Ark. 46; 58 Ark. 110; 42 Ark. 488.

2. Appellant's abstract of the record is fatally defective in this: (1) It does not show that a motion for new trial was ever filed and denied; (2) it does not set out the instructions given by the court, and (3) it does not show any exceptions saved to the argument of counsel for appellee. 93 Ark. 85-87; 83 Ark. 359; 86 Ark. 600; 78 Ark. 374; 100 Ark. 329; 101 Ark. 207, 209; 90 Ark. 230; 101 Ark. 207; 81 Ark. 327, 328.

HART, J. Appellees recovered judgment against appellant on two promissory notes and from the judgment against him appellant prosecutes this appeal. Appellant admitted the execution of the notes, but says that he signed them in consideration that the directors of the Farmers & Merchants Bank, of McCrory, Arkansas, would not prosecute his son-in-law for embezzlement. His son-in-law had been cashier of the bank, and an examination of his books showed that he was a defaulter, and appellant testified, in short, that he executed the notes sued on in consideration that the directors would not prosecute his son-in-law.

The directors testified in behalf of appellee and denied that appellant executed the notes in consideration that his son-in-law would not be prosecuted. They said he signed the notes to settle the indebtedness found to be due by his son-in-law to the bank.

We have not attempted to set out the evidence in detail, for the jury were the judges of the credibility of the witnesses and under the settled rule of this court their finding of fact against appellant will not be disturbed on appeal.

Appellant, in an instruction numbered 2, asked the court to instruct the jury that if they believed from the evidence the notes sued on were signed by appellant under an agreement, express or implied, on the part of the bank officials that his son-in-law would not be prosecuted by the bank officials for any felony, the notes were without consideration, and void.

The instruction as asked for was correct. See *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326. But substantially similar instructions were given by the court to the jury and it is well settled that the court need not multiply instructions on the same point.

Again, it is the contention of counsel for appellant that the judgment should be reversed on account of certain remarks made by counsel for appellees to the jury. We need not set out these remarks, or consider them, for the record does not show that counsel saved proper exceptions to them.

It follows that the judgment must be affirmed.