FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION v.
HODGES.

Opinion delivered March 8, 1920.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—An issue upon which there was a conflict in the evidence will be treated on appeal as finally settled by the verdict.

2. INSURANCE—OWNERSHIP OF PROPERTY—EVIDENCE.—Evidence *held* sufficient to sustain finding that plaintiff owned the property insured in fee simple at the time he applied for insurance.

3. INSURANCE—CHANGE OF POSSESSION AS AFFECTING.—Kirby's Digest, sections 4358-4361, relating to farmers' mutual aid associations, do not contemplate that a removal or change in possession of the property insured against fire should automatically work a forfeiture of membership or insurance, in the absence of such a clause in the contract, articles, by-laws, or constitution governing the order.

4. APPEAL AND ERROR—REQUEST BY BOTH PARTIES FOR DIRECTED VERDICT.—Where, upon an issue raised by cross-bill, both parties requested the court to direct a verdict, the court's finding thereon was as conclusive on appeal as the verdict of a jury.

5. INSURANCE—INSURABLE INTEREST—VENDOR'S LIEN.—One holding a vendor's lien on property owns an insurable interest therein unless the contract provides that the insurer shall have exclusive or unconditional title to the property.

Appeal from Little River Circuit Court; *James S. Steel*, Judge; affirmed.

*Seth C. Reynolds*, for appellant.

1. The appellee forfeited his right to recover by failing to pay his last assessment and by including the

Redding property in his application and policy, as it was not owned by him on January 1, 1917, when the policy became effective. The court erred in admitting evidence. 94 Ark. 594; 67 *Id.* 553; 94 *Id.* 594; 71 *Id.* 292; 71 *Id.* 294; 63 *Id.* 201-2.

2. The instructions are erroneous. Kirby's Digest, § 4358; 14 Ark. 286; 61 *Id.* 104; 71 *Id.* 292; 38 Mich. 548; 25 Ark. 257; 63 *Id.* 187; 94 *Id.* 594; 69 *Id.* 295. The policy was null and void when the fire occurred, as he had moved. The preponderance of the evidence shows that he did not pay the premiums on his policy. The instructions do not state the law. 14 Ark. 286; 61 *Id.* 104. Instruction No. 8 refused should have been given. McDonald had no authority to accept pay on the policy after Hodges had moved to town.

*Dulaney & Steel, A. P. Steel* and *John J. Dulaney,* for appellee.

1. Appellee was entitled to recover because his policy was valid at the time it was issued and he had paid all assessments up to the date of the loss. The jury evidently believed that appellee had paid his last assessment as evidenced by his check, and they are the sole judges of the credibility of witnesses and the weight of the testimony on questions of fact. 121 Ark. 599; 88 *Id.* 200; 123 *Id.* 240; 124 *Id.* 480; 113 *Id.* 417; 107 *Id.* 158; 316 S. W. 1. See, also, 97 Ark. 486; 99 *Id.* 69; 90 *Id.* 131. Where there is substantial evidence to sustain it, the verdict will not be set aside. 105 Ark. 331; 112 *Id.* 507; 117 *Id.* 223.

2. The policy had not lapsed nor been forfeited at the time of the loss. 105 N. W. 1031; 22 Cyc. 1412; 65 N. E. 323; 139 U. S. 297. Nor had he withdrawn from the association. He still held the policy. 49 N. E. 279; 49 N. W. 536.

3. His policy was never canceled. 108 Ark. 135.

4. Appellee had not been properly suspended or expelled from the association. 77 N. Y. S. 194; 67 Pac. 485; 16 N. W. 392.

5. The policy was not forfeited nor canceled and he did not cease to be a member in good standing simply because he had removed from the house burned. The application nor policy contained no prohibition of removal to town. 65 Ark. 295; 92 *Id.* 283; 81 N. W. 220.

6. The association may waive compliance with its by-laws. 86 S. W. 501; 67 Ark. 585; 53 *Id.* 494; 99 *Id.* 54; 65 *Id.* 54; 94 *Id.* 227.

7. The lower court did not err in directing a verdict. 77 Ark. 27.

8. There was no error in excluding the evidence offered by appellant. It was incompetent and immaterial. 120 Ark. 233.

9. There is no error in the instructions. 101 Ark. 376; 89 *Id.* 368; 96 *Id.* 451; 118 *Id.* 389.

HUMPHREYS, J. This suit was instituted by appellee against appellant in the Little River Circuit Court to recover the amount of $300 on policy No. 31, issued to indemnify him against loss to his dwelling on the Arden farm, near Arden, Arkansas, and the contents thereof, by fire. The policy was executed by appellant to appellee on June 11, 1917, but, under agreement, related back and took effect on January 1, 1917, in order to conform to the application for the insurance made and paid for on the latter date. The policy was not issued on January 1, because appellant had no blank forms of policies at that time. Appellant company was organized under sections 4358 to 4361, inclusive, of Kirby's Digest of the Laws of Arkansas, and is a farmers' mutual aid association. Appellee alleged in the complaint that the Arden house, valued at $500 in the policy, and $100 of the household goods, valued at $700 in the policy, had been destroyed by fire; that, under the terms of the policy, he was entitled to recover from appellant one-half of the value of the house and one-half of the value of the household goods destroyed, or a total of $300; that he had fully complied with the requirements of the by-laws and constitution of

appellant and the policy issued by appellant to him, as a prerequisite for a recovery.

Appellant filed answer, denying that appellee had complied with the terms of the policy, and alleging a breach thereof, first, by failing to pay his assessments; second, by failing to actually reside in the house, and, third, by moving to and becoming a resident of the incorporated town of Ashdown and living there at the time the house and its contents burned. As an additional defense, appellant alleged that appellee included in his application for the insurance, property which he did not own, and permitted same to be included in the policy issued as effective of date January 1, 1917. By way of cross-bill, appellant alleged that it paid appellee $150 on the Redding house, destroyed by fire on February 6, 1917, which was not owned by appellee on January 1, 1917, but was fraudulently included in his application for the policy of insurance; that, at the time the Redding house was burned, appellee had no insurable interest therein, but had transferred all his right and title therein to J. L. Shafer, prior to his application for the insurance. Based upon the facts set up in the cross-bill, appellant prayed for judgment against appellee in the sum of $150 paid by it as aforesaid to appellee.

Appellee filed an answer to the cross-bill, denying the material allegations therein and reaffirming that he was the owner of all the property included in his application for insurance at the time he made same, and that he had an insurable interest in the Redding farm house at the time it burned, for which he rightfully collected the sum of $150 from appellant under the terms of his policy.

The cause was submitted to the jury upon the pleadings, evidence and instructions of the court, upon which a verdict was returned and judgment rendered in favor of appellee for $300, from which an appeal has been duly prosecuted to this court.

It is insisted that appellee forfeited his right to re-
cover on the policy by failing to pay his last assessment.
This assessment was ordered on January 14, 1919, and,
under the constitution of appellant, was due and payable
in thirty days after notice. No notice of the assessment
was given to appellee. There was evidence tending to
show that he paid it without notice, March 3, 1919, or
thirty-six days before the fire. There was substantial
evidence pro and con on the issue of whether appellee
paid the assessment. There being a conflict in the evi-
dence on this issue, it must be treated on appeal as finally
settled in appellee's favor by the verdict of the jury.
*Shearer* v. *Bank,* 121 Ark. 599.

It is also insisted that appellant forfeited his right
to recover on the policy by including the Redding prop-
erty in his application and policy, for the alleged reason
that it was not owned by him on January 1, 1917, when
the policy became effective. Appellee testified that he
permitted J. L. Shafer to move on the Redding farm the
latter part of December, 1916, with a view to either leas-
ing or selling it to him; that, on the morning of January
9, 1917, he sold it to him for a small cash payment and
the balance on time, secured by a vendor's lien retained
in the deed; that, on that date, the deed was acknowledged
but dated back to January 1, 1917, to correspond with
the notes evidencing the purchase money, which, by
agreement, were to bear interest from the first day of
January; that the deed was delivered a day or so after-
ward and recorded on January 13. Appellee's evi-
dence was corroborated by that of the purchaser, J. L.
Shafer. The evidence was ample to support a finding
by the jury that appellee owned a fee simple title to the
Redding farm when the application for insurance was
signed and the policy became effective.

It is also insisted that appellee forfeited his right
to recover on the policy because he did not reside in the
house at the time it was destroyed by fire, on April 7,
1919, but had removed to, and was a resident of, an in-

corporated city. On inspection, we have been unable to discover any inhibition in the application, policy or by-laws, articles of incorporation or constitution of appellant, against moving out of the house, or moving to, or becoming a resident of, an incorporated town. In the absence of such a clause in the contract, articles, by-laws or constitution governing the order, a mere change in the possession of the property will not void the contract. The statute under which appellant was organized never contemplated that a removal or change in possession of the property would work a forfeiture of the contract. The purpose and intent of the statute was to designate the character of property insurable and to fix the qualifications for admission into the order. It provided that farm property, as distinguished from town or city property, was subject to insurance in the order; and a farmer, actually residing on and managing his farm, eligible to admission in the order. It was not necessarily inferable from the law that a removal from a farm to a town or city home of a member should work an automatic forfeiture of such member's membership or insurance.

The objections and exceptions of appellant to instructions given and refused were suggested by the interpretation it placed upon the statute under which the order was organized, its by-laws and constitution, and the contract of insurance, consisting of the application and the policy. We think the construction placed upon the law and these instruments by the learned attorney for appellant is incorrect, and, for that reason, we deem it unnecessary to discuss appellant's assignments of error to giving and refusing instructions further than to say, after a careful consideration thereof, we are of opinion that the cause was submitted to the jury under proper instructions.

A great many objections were made by appellant to evidence adduced by appellee, and to the exclusion of evidence offered by it. We have carefully examined the rulings of the court on the admission and exclusion of the

evidence, and find that no prejudicial error was committed in this regard. To discuss each piece of evidence excluded or omitted over the objection of appellant, in relation to its bearings to the issue in the case, could serve no useful purpose and would extend this opinion to an unusual length.

This brings us to a consideration of the last insistence of appellant to the effect that the court committed reversible error in refusing to instruct peremptorily in its favor on the cross-bill. The determination of the issue presented by the cross-bill involved the solution of whether appellee owned the Redding farm on January 1, 1917, or whether he owned an insurable interest in the Redding house when destroyed by fire. Each party asked a peremptory instruction.

Whether or not appellee was the owner of the Redding place on January 1, 1917, is largely a question of fact. The finding of the court in that particular is as conclusive on appeal as the verdict of a jury. The court's verdict is supported by substantial evidence. Appellee testified positively that he did not sell the Redding property to J. L. Shafer until January 9, 1917. In the main, his evidence is corroborated by that of the purchaser.

Whether appellee owned an insurable interest in the Redding house when destroyed is one of law, because the undisputed evidence is he sold and conveyed it to Shafer before the fire. In making the sale, however, appellee reserved a vendor's lien to secure the unpaid notes evidencing the purchase money. The owner of a lien on property necessarily owns an insurable interest therein, where there is no provision in the contract providing that the insurer shall own the exclusive or unconditional title in the property. There is no such provision in the instant contract.

No error appearing, the judgment is affirmed.