## SUTTON v. STATE.

### Opinion delivered April 7, 1924.

1. CRIMINAL LAW—REFUSAL OF INSTRUCTIONS.—An assignment of error in the court's refusal of particular instructions is not reviewable where it does not appear from the bill of exceptions that such instructions had been requested.

2. SEDUCTION—VARIANCE AS TO NAME OF PROSECUTRIX.—In a prosecution for seduction, a variance between indictment and proof as to the name of the prosecutrix is not material, under Crawford & Moses' Dig., § 3018.

3. SEDUCTION—PRESUMPTION OF CHASTITY.—In a prosecution for seduction, an instruction that the prosecuting witness is presumed to be chaste, and that the burden is on the defendant to show that she is not chaste, is not erroneous.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*E. D. Chastain,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was indicted for seduction, was convicted, and has appealed.

His first assignment of error is that the court refused to give an instruction numbered 3 which he requested. But it does not appear from the bill of exceptions that this instruction was asked. The same thing is true of an instruction numbered 6, which appellant sets out in his motion for a new trial, but which does not appear, from the bill of exceptions, to have been asked. The failure to give these instructions is therefore not before us for our review. *Adkisson* v. *State,* 142 Ark. 15.

The name of the woman alleged to have been seduced is charged in the indictment to be Mollie Jane Gregory, whereas the testimony shows the woman's name to be Mattie Jane Gregory. When Miss Gregory gave her testimony and stated her name, defendant's attorney moved to quash the indictment on account of this variance, but the motion was overruled, and this ruling is assigned as error.

There was no error in this ruling. The statute provides that "where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." Section 3018, C. & M. Digest.

In the case of *Bennett* v. *State,* 84 Ark. 97, there was a variance between the name of the person alleged to have been killed, as it appeared in the indictment, and the testimony offered at the trial, and the defendant

requested the court to charge the jury, if they so found, to return a verdict of not guilty. This the trial court refused to do, and, in upholding that ruling, it was said by this court, in construing the statute quoted, that the question of identity of the person described in the indictment with the one mentioned in the evidence was one of fact, to be established like any other fact, to the satisfaction of the jury, and that the variance was not material if the identity was shown.

Here the defendant did not ask that the question of the identity of Mollie Jane Gregory and Mattie Jane Gregory be submitted to the jury, as he was entitled to do, but his request was that the indictment be quashed, and this for the reason which the statute says is immaterial where the identity of the person mentioned in the testimony is established as the person named in the indictment. In the instant case it may be said that there was no dispute or question as to the identity of the woman alleged to have been seduced.

An exception was saved to an instruction numbered 4, which reads as follows: "Before the prosecuting witness can be seduced she must be a chaste woman at that time. The law presumes her to be chaste, and the burden is on the defendant to show that she is not chaste. If he shows that to you, it will be your duty to acquit the defendant on that ground; but if he fails to show that she is not chaste, then the law presumes that she is chaste."

There was no error in giving this instruction. There is a presumption of chastity, which is indulged unless the testimony shows the lack of it, and if a lack of chastity is not shown, then a presumption is indulged without affirmative proof to that effect. *Patrick* v. *State.* 135 Ark. 173; *Polk* v. *State.* 40 Ark. 482; *Caldwell* v. *State,* 73 Ark. 139; *Rucker* v. *State,* 77 Ark. 23; *Wilhite* v. *State,* 84 Ark. 67; *Oldham* v. *State,* 99 Ark. 175.

Only a general objection was made to the instruction, and we think there was no defect in it which could be reached by a general objection.

No error appears, and the judgment is affirmed.