KIDWELL *v.* STATE.

Opinion delivered September 28, 1931.

*Hugh Williamson* and *Coleman & Reeder,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Izard County of the crime of murder in the first degree for shooting and killing Shorty Moser on the 8th day of May, 1930, and his punishment was fixed at imprisonment in the State penitentiary during his natural life, from which conviction and sentence appellant has duly prosecuted an appeal to this court. Deceased was assassinated between six and seven o'clock on the eighth day of May, 1930, as he was entering the gate of the barnyard, and the theory of the State was that the shot was fired by appellant, who was concealed in the stable.

According to the testimony of two of the State's witnesses introduced in rebuttal, who testified over the objection and exception of appellant, they heard appellant say to Emmet Williamson, ''I thought I would have to take the second shot to get him, but I got him the first shot.'' Emmet Williamson denied that appellant made such a statement to him, and the court admitted the testimony in rebuttal for the purpose of contradicting Emmet Williamson.

It is urged that the court committed reversible error in admitting the rebuttal evidence because there was nothing in the statement itself which connected it with

the death of Shorty Moser. It is true that Shorty Moser's name was not mentioned when the statement was made, but he was shot only one time when assassinated, and appellant was observed by Shorty Moser's widow leaving the barn immediately after the shot had been fired and was seen by others coming from that direction a short time after the shot was fired. Other circumstances, unnecessary to mention, tended to show appellant was the author of the crime, so we think this statement admissible as original testimony tending to connect him with it. Being admissible as original testimony, appellant was in nowise prejudiced by the admission of it in rebuttal.

A reversal of the judgment is also urged because the court gave instruction No. 4 relating to the alibi interposed by him as a defense. The instruction is the same in substance as that usually given in criminal cases where an alibi is interposed as a defense and has been approved by this court in the following cases: *Ware* v. *State,* 59 Ark. 379, 27 S. W. 485; *Rayburn* v. *State,* 69 Ark. 177, 63 S. W. 356; *Wright* v. *State,* 177 Ark. 1039, 9 S. W. (2d) 233.

No error appearing, the judgment is affirmed.