THREADGILL *v.* STATE.

4355                                        181 S. W. 2d 236

Opinion delivered June 19, 1944.

*Yates & Yates,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McFADDIN, J. Appellant was convicted of cattle stealing in violation of the provisions of § 3129 of Pope's Digest; and has brought this appeal.

Four informations were filed against appellant in the trial court, and we refer to these informations by the respective number used in the trial court:

No. 1491 was for stealing a steer, the property of Guy Harris.

No. 1492 was for stealing a heifer: "The property of ................................................"

No. 1493 was for stealing a steer, the property of J. V. Standridge.

No. 1494 was for stealing a heifer, the property of J. D. Nichols.

Information No. 1492 was quashed by the court. By consent, the defendant was tried on the other three informations in one hearing, but with a separate verdict and judgment on each information. He was acquitted by the jury on information No. 1494 (the J. D. Nichols heifer). He was convicted by the jury on information No. 1491 (the Guy Harris steer), and also on information No. 1493 (the J. V. Standridge steer); and was sentenced to one year in the penitentiary on each of the convictions (Nos. 1491 and 1493), with said sentences to run consecutively.

From the order overruling the motion for new trial the defendant prosecutes this appeal; and assigns eight errors in the said motion. We discuss these assignments in the same order listed in the motion for new trial:

*Assignments One, Two, and Three.* These assignments claim the verdict in each case to be contrary to (1) the law, (2) the evidence, and (3) the law and the evidence. These assignments are without merit. Twenty-eight witnesses testified and the transcript consists of one

hundred fifty-nine pages. We find the evidence overwhelmingly sufficient to sustain the verdicts.

As regards the Guy Harris steer: Harris' marks were registered. The markings on the steer were shown. The jury viewed the steer. Harris testified to its loss and the circumstances of its recovery. One witness saw the defendant load the steer in a truck and drive away. Another witness bought the steer from the defendant at an auction sale and paid him for the steer. The defendant assumed the name of Johnson, but this disguise was penetrated by the purchaser of the steer who made investigation after he delivered the steer to its true owner. There was also other evidence in the record concerning the theft of this steer.

As regards the Standridge steer: The evidence was equally conclusive. Standridge testified as to its loss and its subsequent recovery from a man named Furlowe who bought it from Easley. Easley testified that he bought the steer at the Huntsville auction sale and sold it to Furlowe. The defendant had again assumed the name of Johnson, and had sold the steer under that name at an auction at Huntsville on September 30, 1943, and had received a check payable to J. W. Johnson. The original check, introduced in evidence, bore two indorsements: one purporting to be the indorsement of J. W. Johnson and the other purporting to be the indorsement of the defendant. Johnson denied the indorsement attributed to him and was supported by witnesses. Witnesses testified as to the genuineness of defendant's indorsement and the fact that the defendant received the money on the check when presented at the bank. The Standridge steer had a peculiar "doulap" marking in one ear and witnesses abundantly identified the steer.

So we find no merit in the first three assignments.

*Assignment No. Four.* In this the appellant claims as error the giving of the court's instruction No. 3 relating to the possession of property recently stolen. This instruction was substantially the same as that approved by this court in *McDonald* v. *State,* 165 Ark. 411, 264 S.

W. 961, and in *Bridges* v. *State,* 177 Ark. 1193, 9 S. W. 2d 240. There was no error in giving this instruction.

*Assignment No. Five.* In this the appellant claims as error the giving of the court's instruction No. 4 relating to the defense of an alibi. This instruction was substantially the same as that approved by the court in *Ware* v. *State,* 59 Ark. 379, 27 S. W. 485; *Rayburn* v. *State,* 69 Ark. 177, 63 S. W. 356, and *Kidwell* v. *State,* 184 Ark. 236, 42 S. W. 2d 13. There was no error in giving this instruction.

*Assignment No. Six.* This reads: "That the court erred in refusing to give instructions numbered five, six and seven requested by the defendant." The instruction No. 5 related to the identity of the J. D. Nichols' heifer involved in information No. 1494. Since the defendant was acquitted on this information there could be no prejudicial error in refusing this instruction even if it had been correctly worded.

The requested instruction No. 6 reads: "You are instructed that in indictment No. ........... the State has failed to establish ownership and the defendant should be acquitted on that count."

Since there were three informations involved in the case, and since no number was contained in the requested instruction, there was no error in refusing the requested instruction. Furthermore, there was sufficient evidence of ownership of each of the animals involved in each of the three informations, to have justified the refusal of this instruction, regardless of which information might have been intended.

The record before us fails to contain any instruction No. 7 requested by the defendant. In the absence of any instruction No. 7 there could be no error in refusing it. *Sutton* v. *State,* 163 Ark. 468, 260 S. W. 403.

This assignment No. 6 was an assignment *en masse.* *Tiner* v. *State,* 109 Ark. 138, 158 S. W. 1087. But there was no merit to this assignment, even if the refused instructions should be considered separately.

*Assignment No. Seven.* This reads: "That the court erred in permitting a check in the amount of $100 made

payable to one J. W. Johnson and drawn on the Huntsville Livestock Co. to be introduced in evidence over the objections and exceptions of the defendant." This check related to the Standridge steer which was concerned in information No. 1493. The steer was sold at the Huntsville sale on September 30, 1943. The payee named in the check was J. W. Johnson who testified that he was not in Huntsville and did not indorse the check. But after the J. W. Johnson indorsement there was the indorsement of the defendant's name. Witnesses testified that the indorsement of Johnson was not made by Johnson; but that the indorsement by the defendant was made by the defendant; and the banker testified that the defendant received the money on the check when it was presented at the bank. A general objection to evidence is unavailing if the evidence is admissible for any purpose. *Bodcaw Lumber Company* v. *Ford*, 82 Ark. 555, 102 S. W. 896. We think the check was admissible on the issue of the sale of the steer by the defendant, and also on the issue of the defendant's identity in receiving the money on the check. Since the check was certainly admissible for these two purposes indicated, and since the defendant offered only a general objection to the admission of the check, we find no error committed by the trial court in admitting the check.

*Assignment No. Eight.* This assignment relates to alleged improper argument of the prosecuting attorney in his closing address to the jury; but this assignment is without any record evidence to support it. Neither the alleged remarks nor any ruling of the court concerning the same appear in the record of this case; and what Chief Justice McCulloch said in *Harrelson* v. *Eureka Springs Electric Company*, 121 Ark. 269, 181 S. W. 922, applies to the situation in the case at bar: "The record does not show that any such argument was made or that any exceptions were saved. The only place in which this appears is in the motion for new trial, and that is not the place to set out the matter constituting an alleged error. The motion for new trial constitutes an assignment of error, but not the matter upon which the assign-

ment is based. The bill of exceptions must contain a history of the trial, including matters which are assigned as error. Merely reciting the matter in the motion for new trial is not sufficient."

An alleged improper argument will not be reviewed by this court unless the record shows a proper exception thereto duly preserved. *Fogel* v. *Butter*, 96 Ark. 87, 131 S. W. 211; *Shearer* v. *Farmers' & Merchants' Bank*, 121 Ark. 599, 182 S. W. 262.

The judgments of the circuit court, here appealed from, are in all things affirmed.