RENFRO *v.* STATE.

4590                                                227 S. W. 2d 447

Opinion delivered February 27, 1950.

Rehearing denied March 27, 1950.

*Batchelor & Batchelor,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted below of having stolen certain tools that belonged to the Reconstruction Finance Corporation. He contends that the RFC's ownership was not proved by the State and that an instruction was erroneous.

An RFC employee, whose duty it was to look after the corporate property, testified that the RFC acquired

title to these tools by foreclosure of a mortgage given by the Byrd White Company. The RFC had kept a record of the serial numbers of the tools, which corresponded exactly with those on the tools said to have been stolen. Other testimony showed that the tools had been stored in a locked shed near the home of Jim Newton in Crawford County, that the tool shed had been broken into and the tools taken, and that the next day the appellant was apprehended in Oklahoma, on his way to California, with the tools in his possession. The appellant admitted having taken the tools but testified that he owned them when he was working for the Byrd White Company. When he left the company's employ in January of 1948 he was unable to take his tools with him, but he finally located them in May of 1949 and was simply repossessing his own property when he took the tools. He denied having broken into the shed, saying that there had been no lock on its door. This conflicting testimony presented an issue of credibility for the jury, who evidently disbelieved the appellant's explanation.

This is the instruction complained of: "You are instructed that the possession of property recently stolen without explanation of that possession is evidence which goes to you for your consideration under all the circumstances in the case to be weighed as tending to show the guilt of the one in whose possession such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting the defendant even though it be not rebutted." We have approved this instruction in at least six earlier cases, the most recent being *Threadgill* v. *State*, 207 Ark. 478, 181 S. W. 2d 236. On two occasions we have pointed out that the word "imperatively" might better be omitted from this instruction, but in both those cases we held that this formal defect in the wording of the instruction should be brought to the trial court's attention by a specific objection. *Barron* v. *State*, 155 Ark. 80, 244 S. W. 331; *Atwood* v. *State*, 184 Ark. 469, 43 S. W. 2d 70.

In the case at bar, as in the earlier cases, there was no specific objection to the instruction.

Affirmed.