**Luther William DAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–198.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1974.

As Corrected Feb. 13, 1974.

Thomas H. Williams, Claremore, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Luther William Day, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Craig County, Oklahoma, for the offense of Grand Larceny, case number CRF–72–227. His punishment was fixed at a term of not less than twenty (20) months nor more than sixty (60) months in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

The evidence adduced at trial reflects that in the early morning hours of June 9,

1972, the KAMO building in Vinita, Craig County, was broken into and numerous pieces of office equipment taken. Officer Willie Morrison of the Vinita Police Department and his partner Officer Davenport discovered the break-in when they made their nightly inspection and found a broken window with a screw driver and tire tool laying in the broken glass. They also noticed a blue, 1963 Oldsmobile parked in the building's parking lot. Shortly thereafter other officers arrived and the building manager was summoned to unlock the building. After the building was secure, Morrison and Davenport continued their patrol and were summoned to an area north of town where two men had been seen on foot. They subsequently arrested the defendant and one Leroy Johnson. Morrison testified that the defendant was wearing socks but no shoes and that the arrest was made approximately one and one-half hours after the break-in was discovered. The defendant and Johnson were taken to the local jail and subsequently Morrison and Davenport removed the back seat of the police vehicle and Davenport found a set of keys on the passenger side behind the rear seat.

Upon cross-examination Morrison stated that he could not positively identify State's Exhibits 1 and 2 as being the exact tire tool and screw driver found at the scene and that the arrests were made some four miles from the KAMO building.

Officer Johnny Davenport then testified that upon discovering the break-in he proceeded to the north end of the building where he noticed a blue Oldsmobile with the rear door open. Inside and in plain view he observed certain office equipment and found a broken statuette approximately ten steps from the rear of the vehicle. He also found a pair of sandals in the vicinity of the automobile and observed a tire tool and screw driver laying in the broken window glass. He was unable to positively identify the tools but stated that they were quite similar.

Davenport further stated that he observed an Officer Williams remove a pair of trousers and a pair of shoes from the automobile. At about 3:00 o'clock a. m. Davenport and Morrison responded to a radio call that there were two subjects walking down the highway north of Vinita. They found the defendant without shoes in the company of Leroy Johnson. The suspects were arrested and on the return trip to Vinita Davenport noticed Johnson jam something down behind the car seat. Subsequently, some car keys were found stuck behind the seat. He did not try them in any lock. Upon cross-examination Davenport stated that he observed pry marks on one of the building doors. On redirect he testified that he was not present at the time the title to the automobile was removed from the glove compartment but did identify same and further stated the tag number on the registration was the tag number of the subject automobile.

Officer Gene Williams then testified that when he arrived at the scene he observed a pair of sandals some twenty-five feet from the vehicle in question and that he recovered the car title from the glove box of said automobile. The reverse side of the said title reflected an assignment to one Luther Day. He further testified that he also found a pair of trousers in the automobile and that he removed a billfold therefrom. The billfold contained the identification of one Leroy Edward Johnson. When the suspects were arrested, the defendant produced identification but Johnson had none. On cross-examination Officer Williams admitted that the glove box was not open, that he opened same and removed the title, and that he found a garage bill with the defendant's name on it "out in the vehicle." He further testified that when he left the scene he was looking for Luther Day and Leroy Johnson.

Rhodes Jackson then testified that he was the office manager for KAMO on the date in question and that he was summoned to the building at approximately 2:00 a. m. When he arrived, he observed several po-

lice vehicles, a broken window in the building, and a 1963 Oldsmobile parked in the driveway behind the building. He looked inside the open door of the vehicle and observed some office equipment which he identified as belonging to KAMO and coming from the building. He placed a replacement value on the office equipment somewhere in excess of $2,000.00 and a current market value in excess of $20.00.

Vinita Chief of Police Robert Thompson then testified to substantially the same facts as his officers. He positively identified the tire tool and the screw driver, the title certificate and the trousers and billfold. He had no personal knowledge of the ownership of the items identified or the vehicle other than what appeared on the title certificate.

Oklahoma Crime Bureau Officer Vernon Glenn then testified that he had occasion to visit the defendant on several occasions subsequent to his arrest and advised the defendant of his rights every time he talked to him. Glenn testified that the defendant admitted to him that he had burglarized the KAMO building but that he did not desire to make a formal statement.

Testimony was then offered as to the chain of possession of the articles subsequently admitted into evidence and the State then rested. The defendant after unsuccessfully renewing his motion to suppress, objecting to the introduction of the tire tool, screw driver, shoes and sandals, and interposing a demurrer to the State's evidence then rested.

Defendant's first proposition urges that the State failed to properly offer as evidence Exhibits 1 through 7 and Exhibits B and C, and therefore, defendant's motion to suppress said evidence should have been sustained. The defendant cites no authority to support his contention. A reading of the record reflects that at the close of the evidence the defendant renewed his motion to suppress all exhibits on the grounds that they were the fruits of an illegal search. After hearing argument the trial court overruled the motion and the defendant then objected to the introduction of the tire tool and screw driver, Exhibits 1 and 2, and a pair of sandals and a pair of shoes, Exhibits 4 and 5. The objections were properly overruled by the trial court. The trial court then announced that "State's Exhibits 1 through 7 and B and C will be received into evidence."

■ In the instant case this Court sees no error in the trial court admitting the exhibits into evidence prior to the State making a request for same. All motions and objections made by the defendant were fully argued, ruled upon and preserved for appeal. The admission of the exhibits into evidence prior to the usual request of the State in the instant case amounts to a slight procedural irregularity but does not constitute prejudicial error.

■ This Court has often said that it is necessary for counsel for defendant not only to assert error, but to support his contentions by both arguments and citations of authority. Where this is not done, and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search the books for authority to support a mere assertion that the trial court was erroneous. Fryar v. State, Okl. Cr., 385 P.2d 818; Wright v. State, Okl. Cr., 500 P.2d 582. Therefore, for all the reasons set out above, the defendant's first proposition in error is without merit.

Defendant's second proposition urges that the trial court committed reversible error in failing to sustain the defendant's motion to suppress the introduction of physical evidence upon the ground it was obtained by means of an illegal search. With this contention we cannot agree. The record reflects that when the officers first discovered the break-in they found a vehicle parked in the building's parking lot. The left rear door of the vehicle was open and numerous items of office equipment were in plain view. A broken statuette and sandals were also found in close proximity to the vehicle.

■ In Croney v. State, Okl.Cr., 485 P. 2d 1062, this Court considered a similar

situation wherein the police searched an automobile left at the scene of a burglary before they arrested the defendants. This Court held then and does now so hold that the search of an abandoned car under the circumstances arising in this particular case is lawful and the evidence obtained therefrom properly admissible.

The defendant further contends that the defendant was subject to an unlawful arrest. Again we do not agree. The defendant's name was obtained in a proper and lawful search of the abandoned vehicle. The officers had reason to believe that a felony had been committed and that the defendant committed same. When the defendant was found within four miles of the KAMO building, approximately one and one-half hours after the break-in, on foot, without shoes and in the company of one Leroy Johnson, they were duty bound to make the arrest. Therefore, the defendant's propositions in error with respect to the unlawfulness of the search and the arrest are wholly without merit.

The defendant further contends that certain physical evidence was erroneously admitted. The record reflects that the defendant objected to the introduction of the tire tool, screw driver, sandals and shoes. With respect to the tools, it is the general rule that weapons, bullets, instruments, or other articles used or respecting which there is sufficient evidence to justify reasonable inference that they were or may have been used by the accused or his co-actors in the commission of a crime are admissible. Pickens v. State, Okl.Cr., 450 P.2d 837. The sandals and shoes were properly admitted as circumstantial evidence of the fact that the suspects were in the process of committing grand larceny at the time the officers arrived and the defendant escaped on foot although shoeless. Therefore, the defendant's propositions in

error concerning the improper admission of the physical evidence are meritless.

The defendant next contends that the trial court committed reversible error in failing to sustain the defendant's demurrer to the evidence. In support of his contentions he urges that the State failed to make a proper in-court identification of the defendant, failed to establish the value of the articles taken and failed to prove specific intent. We find no such error. The defendant was adequately identified as the accused both on direct and cross-examination of the officers. Rhodes Jackson stated specifically that the equipment taken had a value in excess of $20.00. "Intent to deprive" was sufficiently established by both circumstantial evidence, Webber v. State, Okl.Cr., 376 P.2d 348, and the voluntary statement of the defendant. It is obvious from a reading of the record that the State adequately and, in fact, overwhelmingly presented a prima facie case.

The defendant next contends that the trial court erred in admitting testimony concerning the incriminating statement made by the defendant since the State failed to establish voluntariness. However, this contention is without merit. The record reflects that the defendant voluntarily made the statement to Agent Glenn after the defendant had been properly advised of his Miranda rights.

It is, therefore, the opinion of this Court that the defendant has been deprived of no substantial right, that the issues were fairly presented to the trial court, jury having been duly waived, that the defendant received a fair and impartial trial, and that the penalty assessed was not excessive. The judgment and sentence appealed from is, accordingly, affirmed.

BUSSEY, J. concurs.

BRETT, J., concurs in results.