519 P.2d 854

**STATE of Arizona, Appellant,**

v.

**Thomas Denzle CHILDS, Appellee.**

**No. 2683.**

Supreme Court of Arizona,
In Banc.

March 8, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, Dennis DeConcini, Pima Co. Atty., by Walter Weber, Deputy Co. Atty., Tucson, for appellant.

Leon Thikoll, Tucson, for appellee.

STRUCKMEYER, Justice.

This is an appeal pursuant to A.R.S. § 13–1712(7) by the State of Arizona from the ruling of the Superior Court of Pima County granting a motion to suppress.

The motion to suppress was made by appellee, Thomas Denzle Childs, in a prosecution for the unlawful transportation of marijuana. It was presented to the court below on stipulated facts as follows:

"In response to an informer's tip, officers of the Pima County Sheriff's Office proceeded in three motor vehicles to the Bates Pass Road area, south of Ajo, Arizona. The tipster informed the officers of suspected narcotics activity and this particular area is known for its narcotic activity. On this narrow, winding dirt road a motor vehicle was seen approaching the police convoy. A police officer, in plain clothes, attempted to flag down the approaching vehicle, however, the vehicle accelerated past the officer and a high speed chase ensued. As a result of the chase, the vehicle, a jeep wagoneer, crashed and the driver was seen fleeing on foot. He was pursued by several officers and two police officers remained at the vehicle to protect the vehicle and investigate the case further. One officer, Officer Garchow, approached the vehicle from the left rear and saw that there were no additional occupants. He observed through the windows that there were several burlap bags containing brick-shaped objects wrapped in blue and beige colored paper. The officer, having had past experience with marijuana, recognized the brick-shaped objects to be similar in size to kilo bricks of marijuana. Additionally the officer saw loose, vegetable material debris near the folded ends of some of the objects. Officer Garchow thereafter approached the driver's window and prior to entering the motor vehicle detected the strong odor of

marijuana. The officer then reached through the open window and removed the brick-shaped object. After tearing back a portion of the paper, he saw therein what he believed to be a compressed brick of marijuana.

A wrecker was summoned to the scene and the vehicle removed to the Ajo substation and 565 pounds of marijuana removed therefrom."

On these facts, we think the motion to suppress was improperly granted.

■ There is, of course, no search within the meaning of the Fourth Amendment where the objects are within the plain view of a police officer who has the right to be in the position to view the objects and it cannot be an unreasonable search if the officer observes whatever is in plain sight. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Nor is so much of a vehicle's interior as is in the plain view of an onlooker protected by the Fourth Amendment from searching eyes. United States v. Polk (5th Cir. 1970), 433 F.2d 644.

■ Objects which can be seen are not the products of an unreasonable search and are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968); State v. Turner, 101 Ariz. 85, 416 P.2d 409 (1966); Ruiz v. State, 32 Ariz. 121, 256 P. 362 (1927). In Ruiz v. State, the officers looked inside an open car and saw a keg of whiskey. We said:

"To say that such proceedings constituted a 'search' of the automobile would be stretching the English language to an unreasonable length. The officers saw the defendant in the actual commission of a misdemeanor before any search was made and rightly arrested him. The liquor was then seized. The keg and its contents were properly admitted in evidence." Ruiz v. State, 32 Ariz. *supra* at 123, 256 P. at 362.

Since we have concluded that there was no unreasonable search within the meaning of the Fourth Amendment of the Constitu-

tion of the United States, the only possible additional question is whether there has been an unreasonable seizure either of the jeep or its contents. There may be, of course, a search without a seizure or a seizure without a search. United States v. McDonnell (D.C.Neb., 1970), 315 F.Supp. 152.

■ Here, on the stipulated facts, it was clear beyond any reasonable doubt to those officers present at the time of the seizure that the appellee in transporting marijuana in violation of Arizona law, A.R.S. § 36–1002.07, was transporting contraband. Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956). As contraband, the marijuana was subject to seizure then at the scene of the crashed vehicle or any time thereafter at the convenience of the law enforcement officers. "The seizure of contraband has been justified on the ground that the suspect has not even a bare possessory right to contraband." Fortas, concurring in Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 311, 87 S.Ct. 1642, 1652, 18 L.Ed.2d 782, 794 (1967).

■ It is also "well established that every sovereign state has jurisdiction to take charge of apparently abandoned or unclaimed property." Commonwealth v. Dollar Savings Bank, 259 Pa. 138, 102 A. 569, 1 A.L.R. 1048 (1917). Indeed, there is express statutory authority for the seizure of appellee's jeep. By A.R.S. § 28–1401.01, any law enforcement officer who has reasonable grounds to believe that a vehicle has been abandoned may remove such vehicle from any street, highway or public property. The flight of the appellee after the crash of the jeep is alone sufficient to establish its apparent abandonment and justifies the officers, as agents of the State, in taking charge of the jeep and contents immediately.

■ Moreover, by A.R.S. § 36–1042, any peace officer making or attempting to make an arrest for violation of Arizona's Uniform Narcotic Drug Act shall seize the vehicle used to transport unlawfully a narcotic drug or in which a narcotic drug is

unlawfully kept, deposited or concealed, or unlawfully possessed and the vehicle shall be held as evidence until its forfeiture is completed pursuant to A.R.S. § 36–1046.

We think, as did the courts in both United States v. Edwards (5th Cir., 1971), 441 F.2d 749, and Whitlock v. State, 124 Ga. App. 599, 185 S.E.2d 90 (1971), that the appellee's right to Fourth Amendment protection came to an end when he abandoned his vehicle and fled on foot. At this point, as the *Edwards* case said, "defendant could have no reasonable expectation of privacy with respect to his automobile." 441 F.2d *supra* at 751. The Fifth Circuit Court further said:

> "It is clear that this personal right to Fourth Amendment protection of property against search and seizure is lost when the property is abandoned." 441 F.2d *supra* at 752.

For the foregoing reasons, we hold that the motion to suppress made by appellee, Thomas Denzle Childs, was erroneously granted.

The order is vacated and set aside.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.