**STATE of Missouri, Respondent,**

v.

**Havard McLEMORE, Appellant.**

**No. 37206.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 17, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Terry J. Flanagan, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant Havard McLemore guilty of carrying a concealed weapon. The trial court found one prior felony conviction and sentenced defendant to three years' imprisonment. He appeals.

Two patrolling police officers saw defendant and another man standing on the sidewalk behind a tractor-trailer. As the police car pulled alongside, the officers saw defendant remove a revolver from his front pocket, hold it briefly and then drop it to the curb.

Defendant's sole contention on appeal is that the court erred in denying his pretrial motion to suppress evidence of the revolver, contending it was obtained by an illegal search and seizure. This contention has not been preserved for appellate review since it was not raised at the first opportunity consistent with orderly procedure. *State v. Goforth*, 535 S.W.2d 464[11] (Mo. App.1976). Defendant raised the issue in his pretrial motion to suppress evidence which was denied. When the revolver was offered in evidence at trial, defendant objected to its admission, not on the ground of illegal search, but because the identification and chain of custody of the weapon were improper. These objections did not preserve the issue of the illegality of the search and seizure of the revolver. *State v. Stavricos*, 506 S.W.2d 51[10] (Mo.App.1974). Though defendant in his motion for new trial again raises the suppression issue, he allowed this point to die at trial and cannot now seek to breathe life into it. *State v. Farmer*, 536 S.W.2d 748[10] (Mo.App.1976); *State v. Johnson*, 536 S.W.2d 851[1, 2] (Mo. App.1976).

Defendant urges us to review the issue of illegal search and seizure as plain error under Civil Rule 27.20(c), VAMR. A search involves "a quest for, a looking for, or a seeking out of, that which offends against the law. It implies a prying into hidden places for that which is concealed." *State v. Poor*, 533 S.W.2d 245[7–8] (Mo.App. 1976); *State v. Hawkins*, 362 Mo. 152, 240 S.W.2d 688[3–5] (1951). There is no search when an officer merely looks at an object in plain view. *State v. Rankin*, 477 S.W.2d 72[4–5] (Mo.1972).

We find neither error nor manifest injustice nor miscarriage of justice.

Judgment affirmed.

DOWD and STEWART, JJ., concur.