STATE of Missouri,
Plaintiff-Respondent,

v.

James Ray HULSEY,
Defendant-Appellant.

No. 10436.

Missouri Court of Appeals,
Springfield District.

Oct. 24, 1977.

Motion for Rehearing or Transfer
Denied Nov. 4, 1977.

Robert G. Duncan, Robert E. Hart, Duncan & Russell, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., and KENNEDY, CROW and BACON, Special JJ.

CROW, Special Judge.

A Jasper County jury found defendant guilty of robbery in the first degree and fixed his punishment at imprisonment for a term of 25 years. §§ 560.120 and 560.135 RSMo 1969. Thereafter, in due course, defendant's motion for a new trial was overruled, allocution was granted, and judgment and sentence were pronounced in accordance with the verdict. Defendant appeals, relying on two points.

Defendant's first point is:

"The trial court erred in admitting objectionable evidence presented by the prosecution for which there was no proper foundation, which were irrelevant and immaterial not having been connected nor related to the defendant's actions at the time of the commission of the alleged crime, all having a cumulative effect possible of improperly influencing a jury thus requiring a reversal of their finding of guilty."

The State, in its brief, contends this point preserves nothing for review because it fails to comply with Rule 84.04(d), V.A.M.R. We agree.

Points relied on in an appeal must state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Rule 84.04(d), V.A.M.R. Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule. *Ibid.*

Defendant's first point furnishes no clue as to the nature of the "objectionable" evidence, nor does it indicate why or how the foundation for admissibility was improper. The point does not identify any specific ruling or rulings of the trial court, nor does it state why such ruling or rulings were incorrect.

■ Points relied on should definitely isolate and formulate the precise issues to be reviewed, and an appellate court should not be relegated to the argument portion of a brief to discover the points upon which review is sought. *State v. Murphy*, 508 S.W.2d 269 (Mo.App.1974).

■ We hold defendant's first point insufficient to preserve any assignment of error for appellate review.

Defendant's second point is:

"The trial court erred in not suppressing evidence seized from a taxicab in which defendant was riding and a subsequent incriminating admission by the defendant as both evidentiary items were the product of an illegal arrest made without probable cause."

This point might also have been vulnerable on the ground of noncompliance with Rule 84.04(d), V.A.M.R., however, the State made no such attack, nor did the State raise any other procedural challenge. Nonetheless, before reaching the merits of defendant's second point, orderly procedure requires us to: (1) identify the evidence toward which defendant's second point is directed; (2) examine defendant's objections at trial to the admission of such evidence; (3) consider the rulings of the trial court with respect to such objections; and (4) determine whether such objections have been preserved for appellate review by inclusion in defendant's motion for a new trial.

The only "evidence seized from a taxicab in which defendant was riding" was an overcoat.

At trial, the victim testified the coat looked similar to one worn by the robber. [The robber wore a ski mask, therefore, neither the victim nor the other eyewitness identified defendant, or anyone else, as the culprit].

Before trial defendant filed a written motion to suppress the coat for the reason that it was "illegally seized by law enforcement officials." The motion was overruled by the trial court after an evidentiary hearing.

When the coat was offered in evidence on the second day of trial, defense counsel objected "for the reason Officer Tennis didn't actually see it removed." In order to understand this objection, a brief reference to certain evidence is necessary.

Defendant was arrested by Joplin Police Sergeant Larry Tennis on a public street less than an hour after the robbery occurred. The arrest took place after defendant alighted from the right rear door of a taxicab.

The cab was detained by police at the arrest scene, and Sergeant Tennis testified he observed a "Lt. McAfee" open the right rear door of the cab, but "didn't actually see the coat until Lt. McAfee pulled it out of the cab and held it up." Sergeant Tennis did not know where the coat was found inside the cab. [Lt. McAfee did not testify].

While the trial court was considering the objection, defense counsel further stated, "I object on the grounds of relevancy, object on the grounds that the officer—that it has not been properly linked with the defendant from the standpoint of, well, other than the fact that it did come out of the car that he was riding in."

After the court indicated the coat would be admitted in evidence, defense counsel stated, "I still object to it for the fact it is not properly connected to the crime."

None of these objections raised any issue about whether the coat was "illegally seized by law enforcement officials" as urged by defendant in his pretrial motion. Defense counsel's objections when the coat was offered, as we understand them, were based on relevancy, and not on any constitutional ground.

■ The validity of a search and the admissibility in evidence of items seized during the search present issues collateral to the issue of guilt which are to be tried independently. Not only must a defendant file a motion to suppress the controverted evidence, but he has the burden of presenting evidence to sustain his contentions. He must also keep the question alive by timely objection. Rule 33.03(a)(5), V.A.M.R.; *State v. Yowell*, 513 S.W.2d 397 (Mo. banc 1974); *State v. Bryson*, 506 S.W.2d 358 (Mo. 1974). As observed in *Yowell*, it is entirely possible that after hearing the evidence on the motion to suppress, defendant's attorney may become convinced that his motion is without merit. By requiring him to renew his constitutional objection when the evidence is offered at trial, the court will be advised that defendant continues to consider the evidence inadmissible. Additionally, if the objection is renewed when the evidence is offered, the judge may desire to reconsider his prior ruling.

■ We hold that defendant failed to preserve any search and seizure issue for appellate review with respect to the coat, by reason of the failure of defense counsel to make such objection when the coat was offered at trial. *State v. Yowell*, supra, 513 S.W.2d at 402–403[1, 2].

■ Defendant sought to pursue the issue again in his motion for a new trial, alleging the coat was "illegally seized from defendant." Even if this bare assertion was otherwise sufficient—an issue we need not decide—the point was already abandoned. Having allowed the point to die at trial for lack of a proper objection, defendant cannot resurrect it later in his motion for a new trial. *State v. McLemore*, 541 S.W.2d 723 (Mo.App.1976).

We have, nonetheless, considered the point under Rule 27.20(c), V.A.M.R., to determine whether the admission of the coat in evidence was plain error affecting substantial rights of the defendant. We hold it was not.

The evidence established that although a "police cruiser" followed the cab for several blocks before defendant's arrest, the cab was not stopped by police action at the point where defendant got out. The cab driver testified he stopped where defendant wanted to stop, evidently an apartment building. Defendant, testifying on the motion to suppress, admitted he exited the cab because it arrived at his destination. Defendant also admitted the coat belonged to him, and that he left it in the cab.

When the cab stopped, one police officer saw defendant "reach up" to the driver, ostensibly to pay the fare. The driver testified, "I don't recall if he paid before or after he got out, but I did get paid." [Defendant did not mention the matter of payment in his testimony].

In any event, it is clear that defendant had reached his destination when he got out, and that he departed the cab of his own volition, and not on orders from the police. It is equally clear that defendant did not intend to return to the cab. The cab began moving away from defendant, and only then was the cab intercepted by police.

■ One has no standing to complain of a search or seizure of property which he has voluntarily discarded, left behind, or otherwise relinquished his interest in so that he no longer retains a reasonable expectation of privacy with regard to it at the time of search or seizure. *State v. Achter*, 512 S.W.2d 894 (Mo.App.1974); *Thom v. State*, 248 Ark. 180, 450 S.W.2d 550 (1970).

■ Having arrived at his destination and exited from the cab, leaving his coat behind, defendant could no longer entertain

any reasonable expectation of privacy with respect to the coat or the cab. Defendant did not intend to return to the cab. He did not ask the driver to wait. Defendant's occupancy of the cab had ended, and the cab was moving away. The cab would reasonably be expected to proceed to other calls, picking up new passengers and delivering them to their destinations.

Defendant undoubtedly realized that his coat would eventually be noticed and examined, either by the driver or a future passenger.

Under such circumstances, defendant has no standing to object to the search of the cab he no longer occupied, or the seizure of the coat he voluntarily abandoned.

Accordingly, admission of the coat in evidence was not error.

■ In defendant's second point, he makes the additional complaint that the court erred in not suppressing an "incriminating admission" made by defendant because it was "the product of an illegal arrest made without probable cause."

Although this "incriminating admission" is not otherwise identified in defendant's second point, we assume defendant is referring to a series of verbal statements made by defendant to Detective Bobby L. Roberts of the Joplin Police Department some 24 hours after defendant's arrest.

Before trial defendant filed a written motion to suppress his statements to Detective Roberts, alleging they were "the fruits of an illegal arrest of defendant" and they "were not voluntarily made by defendant." The motion was overruled by the trial court after an evidentiary hearing.

When Detective Roberts testified about these statements at trial, defense counsel objected on three occasions on the ground that the questions asked by the Prosecuting Attorney were leading, and on one occasion because "I want to know who is doing the discussing and who is doing the asking, I object to the form of the question." During the entire direct examination of Detective Roberts by the Prosecuting Attorney, no objection was made by defense counsel

on any constitutional ground, nor was there any objection based on voluntariness, or on failure to advise defendant of his rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L. R.3d 974 (1966).

For reasons already articulated regarding the coat, we hold that defendant failed to preserve any constitutional issue with respect to the admissibility of his verbal statements, by reason of the failure of defense counsel to make such objection when Detective Roberts testified about defendant's statements at trial. *State v. Yowell,* supra, 513 S.W.2d at 402–403[1, 2]; *State v. Bryson,* supra, 506 S.W.2d at 361–362[3].

Defendant sought to pursue the issue again in his motion for a new trial, alleging the statements were "illegally and involuntarily taken from the defendant." This bare conclusional statement was unsupported by any factual allegation. Lack of probable cause for the arrest of defendant—the ground now urged on appeal—was not mentioned in defendant's motion for a new trial.

■ It is incumbent upon a defendant, in his motion for a new trial, to set forth in detail and with particularity the specific grounds or causes which he contends entitle him to a new trial. Rule 27.20(a), V.A. M.R.; *State v. Redd,* 550 S.W.2d 604, 607 (Mo.App.1977). The motion must make known to the trial court defendant's objections to the admissibility of evidence and whether it was obtained in violation of guarantees afforded him by the Constitution of the United States or of the State of Missouri, or the decisional law of the Federal or State courts. In doing so, defendant must state specifically the grounds for his objection. *State v. Redd,* supra, 550 S.W.2d at 608.

■ Accordingly, in addition to defense counsel's failure to object at trial, we hold that defendant failed to preserve any issue for appellate review with respect to the admissibility of his verbal statements for the further reason that the bare conclusional allegation in his motion for a new

trial was insufficient to advise the trial court of any assignment of error. Moreover, as noted earlier, the "ground" now advanced on appeal is that defendant's statements were "the product of an illegal arrest made without probable cause." This conclusional allegation, even if otherwise sufficient, was not mentioned in defendant's motion for a new trial. A point not mentioned in a motion for a new trial is not preserved for appellate review. *State v. Peterson*, 518 S.W.2d 1 (Mo.1974).

For all of these reasons, we hold that defendant failed to preserve any issue for appellate review with respect to his statements to Detective Roberts.

■ Defendant does not dispute the sufficiency of the evidence to support the verdict, therefore, we need not lengthen this opinion by summarizing further testimony. We have reviewed the entire transcript and find substantial evidence to support the verdict. *State v. Amerson*, 518 S.W.2d 29, 31 (Mo.1975).

The information is sufficient to charge robbery in the first degree. The verdict, judgment and sentence are in proper form. Rule 28.02, V.A.M.R.

The judgment is affirmed.

All concur.