602 P.2d 838

The STATE of Arizona, Appellee,

v.

Alan Curtis ASBURY, Appellant.

No. 2 CA–CR 1650.

Court of Appeals of Arizona, Division 2.

Oct. 2, 1979.

Rehearing Denied Oct. 31, 1979.

Review Denied Nov. 20, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was convicted on two counts of armed robbery and sentenced to 30 to 40 years on each count. Because it was reversible error to admit in evidence his refusal to provide a handwriting sample or pose for a photograph where the state's request for physical evidence did not comply with 17 A.R.S. Rules of Criminal Procedure, rule 15.2(a), the judgment must be reversed.

Prior to trial a representative of the state asked appellant to submit a handwriting sample and pose for a photograph. Appellant categorically refused and indicated he would refuse even if a court order was obtained. Such an order was never sought. Instead, the prosecutor introduced testimony that appellant had refused to comply with the request and strongly argued during his closing remarks that the refusal proved appellant's guilt:

> He didn't want to have handwriting exemplars taken . . . he was going to refuse under any circumstances. I would ask you to consider these things and I ask you the question, would you say that's the action of an innocent person? That's a person who's guilty and he knows it and he is not going to give that handwriting exemplar. I submit that Mr. Asbury proved to the world that he was guilty beyond a reasonable doubt, beyond all doubt on both robberies.

Although appellant had no constitutional right to refuse to give the nontestimonial evidence, see *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971), the use of his refusal was impermissible because the state failed to comply with rule 15.2(a), which provides:

> *Physical Evidence.* At any time after the filing in Superior Court of an indictment or information, upon written request of the prosecutor, the defendant shall:
>
> \*    \*    \*    \*    \*    \*
>
> (4) Pose for photographs not involving re-enactment of an event;
>
> \*    \*    \*    \*    \*    \*
>
> (7) Provide specimens of his handwriting;
>
> \*    \*    \*    \*    \*    \*

In connection with the particular crime with which he is charged. He shall be entitled to the presence of counsel at the taking of such evidence. This rule shall supplement and not limit any other procedures established by law.

The state conceded at oral argument before this court that no written request was made.

■ In adopting rule 15.2(a), the supreme court evidently intended to extend to defendants procedural rights greater than those rights provided by the United States and Arizona Constitutions. This intent is abrogated if the state can bypass the rule by making an informal request and then use a defendant's refusal to comply with the request as evidence of guilt. In many cases the inference of guilt from a refusal may be more damaging than the actual physical evidence.

■ The rule entitles the accused "to the presence of counsel at any such proceeding."[1] The requirement of a written request serves to put the defense attorney on notice as to the time and place of the taking of the evidence. In this case had the defense attorney been present to advise appellant that he had no legal right to refuse to provide the evidence, and that a refusal could be used as evidence of guilt, appellant might have consented to the request. Had the state complied with the rule and appellant still refused to cooperate, the state would be justified in either seeking an order to compel compliance under rule 15.7 or commenting on the refusal at trial.

■ Having failed to comply with the rule, the state's use of the refusal was error but requires reversal only if the failure to comply or the error was harmful.[2] The primary issue at trial was the identity of the robber. Three of the nine witnesses who testified could not identify appellant at trial as the robber. Three others made only tentative identifications. One of the three who made a positive identification had failed to pick appellant out of a photo lineup. The police officer who chased the suspected robber also failed to identify appellant positively. Since the identification evidence was open to question, we cannot say beyond a reasonable doubt that the error did not contribute to the guilty verdict. See State v. Anderson, 110 Ariz. 238, 517 P.2d 508 (1973). The state's closing argument that appellant's refusal was the action of "a person who's guilty and he knows it" and "proved to the world that he was guilty beyond a reasonable doubt, beyond all doubt on both robberies" might well have convinced a doubting juror that appellant was indeed the guilty man. Appellant's convictions on two counts of armed robbery are therefore reversed.

Because we remand the case for a new trial, we address one other issue that is likely to recur. Appellant argues that a shotgun, an overcoat, and items contained in a suitcase were seized by police in an unconstitutional search of his station wagon. The items were found by an officer of the Tucson Police Department who spotted the station wagon and pursued it after hearing a radio communication describing the robbery suspect and the suspect's vehicle. During the chase, the vehicle stopped and the driver escaped on foot. Upon establishing that the station wagon did not belong where it was parked, the officer approached the vehicle and discovered the evidence in question.

■■ The driver's flight, leaving behind the vehicle and its contents, constituted an abandonment of the vehicle. State v. Childs, 110 Ariz. 389, 519 P.2d 854 (1974). His Fourth Amendment protection against unreasonable searches and seizures of property ended when the property was abandoned, since there was no longer a reasonable expectation of privacy in that property. Id. Appellant's argument that the state did not establish it was he who abandoned the car is specious where the vehicle regis-

---

1. See comment to rule 15.2(a).

2. *See Vena v. State,* 295 So.2d 720 (Fla.App. 1974), where the court found it was harmless error to admit fingerprints taken in violation of a rule similar to rule 15.2(a).

tration, a fingerprint that was less than two hours old, and other evidence clearly point to the contrary. He therefore "has no standing to complain of a search or seizure of property he has voluntarily abandoned." *State v. Walker,* 119 Ariz. 121, 126, 579 P.2d 1091, 1096 (1978).

Finally, appellant's contention on appeal that Arizona waived jurisdiction over him by returning him to Texas after his trial here is now moot, since he subsequently waived extradition back to Arizona. *See State v. Knapp,* 123 Ariz. 402, 599 P.2d 855 (App.1979).

The judgment of guilt and sentences are vacated and the case remanded for a new trial.

HOWARD and HATHAWAY, JJ., concur.