Craig Wayne FREEMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–707.

Court of Criminal Appeals of Oklahoma.

April 17, 1984.

---

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Craig Wayne Freeman was convicted of Murder in the Second Degree in connection with the beating death of his girl friend's three-year-old son, and was sentenced to three hundred (300) years in prison. On appeal, he presents five assignments of error.

Appellant first contends that the prosecutor engaged in improper closing argument. However, the record reflects that no defense objections were interposed at trial to the remarks. Accordingly, the error was not preserved for review, since we are unable to conclude that "their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings and mandate a new trial." Cf. *Cobbs v. State*, 629 P.2d 368, 369 (Okl.Cr.1981).

Appellant next contends that other crimes evidence was received in rebuttal without adequate pretrial notice, in violation of *Burks v. State*, 594 P.2d 771 (Okl. Cr.1979). However, the requirement of pretrial notice cannot reasonably be applied to rebuttal evidence, since the State cannot know with certainty prior to trial what evidence may become relevant for rebuttal. All that *Burks* requires is that the defendant be afforded an opportunity to contest the use of such evidence on rebuttal at a timely in camera hearing. Id. at 775, Guideline (7).

■ Appellant further contends in this regard that the probative value of the rebuttal evidence was outweighed by the danger of prejudice. *Stowe v. State*, 590 P.2d 679 (Okl.Cr.1979). Appellant testified that the victim's fatal head injuries were suffered in a fall on concrete steps outside a motel room, and insisted that he had never "punched" the victim. The rebuttal evidence revealed that, within the previous three months, appellant had in fact punched the victim on two occasions, and had explained extensive injuries to infants in his custody on two other occasions as "accidents." In one of the latter incidents, the appellant had claimed that a one-year-old infant "fell down the steps." The other crimes evidence was admitted to rebut the claim of accident, and we find no error.

■ Appellant next asserts that the trial judge erred in refusing to submit a jury instruction on the lesser included offense of Manslaughter in the Second Degree, in light of defense evidence that the homicide was the result of appellant's culpable negligence. He relies upon his own testimony that the alleged fatal fall occurred as the pair returned to their motel room after a late night trip to a nearby store: as appellant rushed up the steps to answer the telephone, he told the infant to run up the stairs also; the boy purportedly lost his balance and fell.

The test for determining when the negligent acts of an individual cease to be mere negligence and become culpable or criminal negligence is,

> Do the acts charged as criminal show a degree of carelessness amounting to a culpable disregard for the rights and safety of others, and did said acts cause the death of deceased?

*Nail v. State*, 33 Okl.Cr. 100, 242 P. 270, 273 (1926). Where there is no evidence to support a lesser included offense, the judge has no right to ask the jury to consider it, *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980), and we find no fault with the trial judge's finding that the admissions of the defendant did not rise to the level of culpable negligence.

■ Appellant contends that the trial judge improperly admitted a gruesome photograph of the face and head of the body of the victim. This contention is without merit. As a general rule, photographs are admissible when relevant to the issues before the court, and when their probative value is not outweighed by the danger of prejudice. *Sykes v. State*, 572 P.2d 247 (Okl.Cr.1977). The photograph was not gruesome, and was probative of facial bruising, which assumed some importance in the medical evidence concerning the defense theory of accident. No error is shown.

■ Finally, appellant contends that the sentence was excessive. This contention is well taken. Several of the remarks of the prosecutor in closing argument were improper, and, though unobjected to, may well have influenced the jury in their assessment of punishment.[1] In determining whether the sentence is excessive, we will consider the entire record, including improper matter received without objection, and, where justice requires, will modify the sentence. See *Bunn v. State*, 85 Okl.Cr. 367, 190 P.2d 464 (1948) (other crimes evidence).

---

1. Illustrative remarks by the prosecutor include the following:

   > There is not a society since the creation of man that would not take Craig Wayne Freeman and case [sic] him out and case [sic] him out for all time. (Tr. 485)

   > Of all the crimes that have ever been committed, the beating to death of a three-year-old baby for no reason, no reason except he wet his pants, that's intolerable. (Tr. 486)

   > Murder in the Second Degree was proven, the most vicious, most brutal murder that any of us have ever heard of because of the victim, because of the baby that never hurt anybody, that only suffered under the hands of that man. (Tr. 486–487).

   > Look at those pictures. See the pain that he's suffered. Say it's intolerable. It is the wors[t] crime I have ever seen, and it deserves the worst punishment. (Tr. 491).

   Although we share the prosecutor's outrage at the crime, "he may not inject his personal opinions or beliefs." *Ray v. State*, 510 P.2d 1395, 1401 (Okl.Cr.1973).

Accordingly, the sentence is modified from three hundred (300) years in prison to forty-five (45) years in prison, and, as MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.