Lynn EDDINGS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–654.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1992.

---

**21.** Id.

## OPINION

BRETT, Judge:

Lynn Eddings, appellant, was tried by a jury for the crime of Assault and Battery with a Dangerous Weapon in violation of 21 O.S.Supp.1982, § 645, in Case No. CRF–86–55 in the District Court of Coal County. The jury returned a verdict of guilty and assessed punishment at one (1) year imprisonment in the county jail which the trial court imposed. From this Judgment and Sentence appellant has perfected his appeal to this Court.

Around 11:00 p.m., on the evening of May 31, 1986, Brian Keith Hedgecock, the

victim in this case, followed Ronnie Ennis in his truck down to Cemetery Road, Coalgate, Oklahoma. Hedgecock and Ennis got out of their trucks and began arguing. A few minutes later, appellant pulled up in his truck. He got out and approached Hedgecock. Appellant then swung an axe handle at Hedgecock hitting him several times causing injuries that required sixty-five to seventy stitches to Hedgecock's ear and head. The next day, Hedgecock went to the sheriff to report what had happened to him and he made a statement to that effect.

At the time of this incident, appellant was seventeen-years-old, therefore, a certification study was apparently ordered by the district court.[1] That certification study stated that appellant was not amenable to rehabilitation within the juvenile system and recommended that he be certified to stand trial as an adult. Apparently, the district court did order him to stand trial as an adult, even though the original record does not specifically reflect such an order. The formal information was filed on August 21, 1986, and jury trial was conducted on February 13, 1987. It is that conviction by the jury that is the subject of this appeal.

In his first assignment of error, appellant argues that the prosecution made an improper comment in his opening statement. The prosecution stated: "Barely missing this area of the head, Dr. Veintemilla will testify, that if that blow had been within another inch or two inches lower in the temporal region of the head, we would have had us another dead child in this county." Appellant contends that the prosecution was alluding to a highly publicized case prosecuted in Coal County just four months prior to appellant's trial. In that case a young man was killed by a blow to the head with a baseball bat.

■ The purpose of the opening statement is to apprise the jury of the evidence the attorney expects to present during the course of the trial. This Court has held that comparisons with other unrelated offenses is improper because such comparisons tend to unnecessarily inject fear and passion into the proceedings. *Henderson v. State*, 695 P.2d 879, 883 (Okl.Cr.1985). *See also Cobbs v. State*, 629 P.2d 368 (Okl. Cr.1981). In *Henderson*, this Court modified the defendant's sentence because the prosecutor compared that crime with the Sirloin Stockade murders during closing argument. Even though defense counsel did not object to this statement, this Court found the defendant's sentences to be excessive and modified them from life to forty-five years.

■ In the case at hand, defense counsel did make a timely objection to the statement made by the prosecution which the trial court properly sustained and also admonished the prosecution to not discuss facts outside of the case. Although the statement may have been improper, the reference to the other case was not as readily apparent in this case as it was in *Henderson* and any error was cured by the trial court sustaining the objection. *Henderson v. State*, 716 P.2d 691 (Okl.Cr. 1986) (different defendant). Also, in light of the light sentence appellant received from the jury, its unlikely that the reference had any prejudicial impact upon the jury's deliberations. Therefore, reversal is not required.

■ In his final assignment of error, appellant asserts that the trial court erred in admitting statements made by him and a defense witness to police officers in violation of 10 O.S.Supp.1982, § 1109(A). After Hedgecock, the victim, reported the incident to the sheriff's office, the officers took statements from Hedgecock, Ennis, and appellant. Each of the statements were taken at the station and it appears that none of the parents of these three young men were present during the questioning. All of the statements, however, stated that appellant was not present when Hedgecock was hit in the head; even Hedgecock's statement does not name appel-

---

1. The record does not reflect a specific order by the district court for a certification study, however, a copy of the report was filed with the district court on August 18, 1986, and is part of the original record in this case.

lant. The statements were used by the State as prior inconsistent statements to impeach appellant and Ennis who both testified that appellant struck Hedgecock in self-defense.

■ Title 10 O.S.Supp.1982, § 1109(A) reads as follows:

No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence *against the child* unless the questioning about any alleged offense by any law enforcement officer ... is done in the presence of the parents, guardian, attorney, or legal custodian of the child.... (emphasis added).

The Oklahoma Supreme Court held in *Matter of W.D.*, 709 P.2d 1037 (Okl.1985), that this section only applies to the admissibility of information used *against a child* in connection with the adjudication of juvenile delinquency charges or juvenile criminal certification proceedings. Therefore, appellant would not have standing to complain about Ennis' statement since only Ennis could raise that issue if there were proceedings conducted against him.

■ As to appellant's statement, we agree that at the time the statement was given he was still a child in the statutory meaning of the term. He was not certified to stand trial as an adult until after the interrogation. In this situation, 10 O.S. 1981, § 1109(A) would apply, and it was not proper for the officers to question appellant without a parent present. We held in *Harris v. State*, 777 P.2d 1359 (Okl.Cr. 1989), that section 1109(A) does not apply when the defendant is charged with a reverse certification offense. However, its application is only to situations where a sixteen or seventeen year old is charged with one of the enumerated offenses in section 1104.2(A). It does not apply to a child who is later certified to stand trial as an adult. Under our law he is a child at the time of the interrogation.

■ However, this does not mean that the statement was not admissible under the situation presented by this case where the State did not offer the statement in its case in chief but rather used it as impeachment of appellant when he testified. The statement was inconsistent with his testimony. Title 12 O.S.1981, § 2613 permits prior inconsistent statements to be used for impeachment. We held in *Boling v. State*, 589 P.2d 1089, 1093 (Okl.Cr.1979) that:

[S]tatements inadmissible against a defendant as part of the prosecution's case in chief, because of lack of procedural safeguards, may be used for impeachment purposes to attack the defendant's credibility. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

Therefore, we hold that the statement was admissible as impeachment evidence against appellant and this assignment fails.

Finding no reason to reverse or modify appellant's conviction, the judgment and sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J. and JOHNSON, J., concur.

PARKS, J., concurs in results.

PARKS, Judge, concurring in results:

I concur in the outcome of this case. However, I write separately because I am disturbed by the majority's decision that the information gained from appellant may be used for impeachment purposes. The child in this case deserved the special protection afforded by 10 O.S.Supp.1982, § 1109(A). This interpretation is directly contrary to the legislative purpose in drafting Section 1109(A). The phrase "[n]o information gained by questioning ... a child shall be admissible into evidence against the child" does not refer to statements only used in the State's case in chief, but rather to all statements made by the child outside the presence of the parents, guardian, attorney, or legal custodian.